FRED PRACHT v. L. WHITTRIDGE.

JURY, *Not Admonished before Separating* — *New Trial, Error to Refuse.* Where a jury, after a cause is submitted to them, separate and go to supper, and again separate and go to breakfast, and also separate and go to dinner, without having been admonished by the court as required by law, before either of said separations, and no showing is made that the substantial rights of the party against whom they find was not prejudiced by such separations, it is error to overrule a motion for new trial alleging such separations as ground therefor.

*Error from Marion District Court.*

THE opinion states the case. Judgment for defendant *Whittridge*, at the March term, 1888. The plaintiff *Pracht* comes to this court.

*King & Kelley*, for plaintiff in error.
*Keller & Dean*, for defendant in error.

Opinion by STRANG, C.: On the 26th day of September, 1887, the plaintiff commenced two cases against the defendant, before a justice of the peace. Afterward the cases were by agreement taken to the district court, and there consolidated and tried together November 16, 1887, by a jury. At the trial the defendant gave evidence of a set-off greater in amount than the plaintiff's claim, and the jury returned a verdict for the defendant for $405.70. This verdict received the approval of the court, and judgment was entered thereon.

The plaintiff in error relies on the following alleged errors for the reversal of the case:

"1. Misconduct and utter disregard of the law by the court in allowing, and directing the officer in charge to allow, the jury to separate without being admonished, as required by the statute.

"2. The plaintiff should have had a new trial on account of after-discovered evidence on the part of the plaintiff.

"3. The claim of the defendant is barred by the statute of limitations."

The record shows that the case was submitted to the jury, and they retired sometime during the afternoon session of the court; that they had not agreed when the court adjourned for the day, and after the court had adjourned, and the judge had left the court-house and was out on the walk, he directed the officer having the jury in charge to allow them to separate and go to supper, returning to the jury-room afterward; that at breakfast-time the next morning the officer again permitted the jury to separate and go to breakfast, and at the dinner hour, not having yet agreed, they were again permitted by the officer to separate and go to dinner. The record shows that at each of these separations the jurors mingled with other persons going to and returning from their meals. At none of these separations was the jury first admonished by the court as required by the statute. Was it error for the

court to refuse to set aside the verdict of the jury under such circumstances and grant a new trial? We think it was. Paragraph 4374, General Statutes of 1889, reads as follows:

"If the jury are permitted to separate, either during the trial or after the case is submitted to them, they shall be admonished by the court that it is their duty not to converse with, or suffer themselves to be addressed by any other person, on any subject of the trial, and that it is their duty not to form or to express an opinion thereon, until the case is finally submitted to them."

The provision that the jury shall be admonished if they are permitted to separate is imperative. And it is required after the case is submitted to them the same as during the trial. We cannot say that this provision may be ignored by the courts. It was incorporated into the code to guard trials by jury from improper influences. We think it a wholesome provision. Persons who have had but little experience in courts and upon juries are not likely to be mindful, unless their attention is called thereto, of the necessity of refraining from talking, or listening to the conversation of others, upon the subject of the trial, if allowed to separate and commingle with the crowd. Some admonition is necessary to attract and fix their attention upon this matter. It frequently happens in trial courts that, with proper instruction by the court upon this subject, some one or more of the jurors heedlessly disregards the admonition. It was the necessity of something of this kind to protect jury trials that induced the legislature to enact this provision into law. In the criminal code, where in favor of life and liberty still greater importance is attached to guards thrown around trials by jury, to prevent any improper influences creeping into the jury-room to affect the deliberations of the jury, the legislature has still further enacted into formal law the idea that it is improper for juries to separate after a case is submitted to them, by including among the causes for which a new trial may be granted, the separation of the jury, after retiring to consider the cause, without leave of court.

This court said, in *The State v. Snyder*, 20 Kas. 306: "It

is the duty of the court to enforce a rigid and vigilant observance of the provisions of the statute designed to preserve inviolate the right of trials by jury, and the purity of such trials."

In *Wright v. Burchfield*, 3 Ohio, 55, in reviewing a case in which the jury had separated after finding a verdict, before returning into court with it, the court says: "It has never been thought safe that juries should be permitted to converse with strangers before the verdict was given, or that the jury should separate before they were agreed."

In *Sutliff v. Gilbert*, 8 Ohio, 409, in discussing a case where the jury, after finding a verdict and sealing the same, separated before returning into court with their verdict, and such separation was alleged as ground for a new trial, the court uses the following language:

"As a general rule, the jury shall not be permitted to separate, after retiring from the bar of the court, until they have agreed upon their verdict. Still, there may be peculiar circumstances which would, to some extent, justify a separation. But should a jury, of their own pleasure, having been put in charge of a case, leave the room, and mingle with the people of the town or vicinity, and afterward return to their room, and agree upon a verdict, it would be a good ground for a motion to set aside the verdict, and for a new trial."

In the case of *Perkins v. Ermel*, 2 Kas. 326, the separation of one of the jurors from his fellows was explained by affidavit, showing that the separation was the result of misapprehension, and that nothing had occurred to prejudice his mind touching the case. In this case no showing is made. The jury separated three times without having been admonished by the court at either of said separations. They met and conversed with the people about the court-house and in town, and no showing was made, or attempted to be made, that during said separations nothing occurred to prejudice their minds in relation to the case. If nothing had occurred, it would have been an easy matter to have shown the fact. There is always more or less talk among the people who are attending the court, about the cases that are being tried, and

juries are so liable to hear something that is likely to prejudice them if allowed to separate at all, that we think it the safer rule to hold that they may not be permitted to separate unless the statutory provision in relation to admonition be complied with by the court. And having done so, it is error for which a new trial should be granted, unless there is a showing made that satisfies the trial court that nothing occurred during the separation which could prejudice the substantial rights of the party against whom they find.

We have examined the second assignment, and are satisfied that the court committed no error in refusing a new trial on that ground. While there was evidence of surprise on the part of the plaintiff, there was also evidence in the affidavits produced by the defendant, on the hearing of the motion, which showed that the plaintiff was not surprised; that he knew of the defendant's claim for the engine long before the commencement of the suit.

And so far as the newly-discovered evidence was concerned, it was cumulative, and tended to prove that plaintiff did not purchase the engine, while the defendant showed by affidavits of at least two new witnesses, that plaintiff had admitted that he had purchased the engine. It seems to us that upon the showing made in that regard, the best view that could be taken of the evidence so far as the interest of the plaintiff was concerned, it was a stand-off. The evidence being conflicting upon the subject, the conclusion of the trial court thereon is conclusive.

The third matter assigned for error on part of the trial court involves a question of the effect of the statute of limitations.

As the case is reversed on the first error assigned, we do not consider it necessary to discuss the question raised on the statute of limitations.

It is recommended that the case be reversed, and sent back for a new trial.

By the Court: It is so ordered.

All the Justices concurring.