JOHN T. FIELDS V. JEZREEL DEWITT.

No. 14,076.   (81 Pac. 467.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Misconduct of Jury—Presumption.* Where articles discussing the merits of a case are shown to have been published during the trial in newspapers of general circulation in the community it cannot be presumed upon review, against the finding of the trial court, that they were read by the jury, there being no direct evidence to that effect.

2. JURY AND JURORS—*New Trial—Reading Newspaper Comment.* To support an application for a new trial upon the ground of the misconduct of jurors it is not sufficient to show that during the trial they read newspaper comments relating to the case, without showing also that the comments were of such a character that they might have resulted in prejudice to the losing party.

3. ―――― *Separation of Jury in Civil Case—Admonition.* Where the jury upon the submission of a civil case are told that if they have not reached an agreement within half an hour they may then separate for a definite period, and at the same time are given the statutory admonition with regard to their conduct during such separation, it is not necessary that the admonition be repeated before the separation actually takes place.

4. ―――― *Consent of Counsel to Separation—Estoppel.* Where upon the submission of a civil case the jury are instructed regarding their duties during any separation that may take place before their deliberations are concluded, and the attorneys for both parties afterward assent to a proposal made by the court that the jury be permitted to separate for a definite time, the proposal being made under such circumstances and stated in such terms that the court is justified in understanding that the attorneys consent to the jury's being dismissed by the bailiff, in the absence of the judge, the objection that the jury were not given an additional admonition before such separation is not available on review.

Error from Lyon district court; DENNIS MADDEN, judge. Opinion filed July 7, 1905. Affirmed.

*Thomson, Stanley & Price,* for plaintiff in error.

*Kellogg & Madden, J. T. Pringle,* and *Lambert & Huggins,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: John T. Fields sued Jezreel Dewitt to recover upon a note for $10,000, the execution of which was denied. A verdict was returned and a judgment rendered against the plaintiff, who prosecutes error. The principal grounds relied upon for a reversal relate to comments upon the case made in the local newspapers during the trial, and to the conduct of the court in permitting the jury to separate after retiring for deliberation without receiving an admonition at the time of their separation, and in urging upon them the desirability of their reaching an agreement if possible. The trial took place in Lyon county, lasting nearly a week, the jurors, of course, frequently separating. During this time two Emporia daily newspapers published articles relating to the case that were distinctly unfavorable to the plaintiff, not only by reason of opinions directly expressed or clearly indicated going to the merits of the controversy but also on account of the manner in which the proceedings were related. Several of these articles were of such a nature that perhaps the reading of any one of them by a member of the jury before verdict would of itself have furnished good ground for a new trial.

The plaintiff claims that there is a presumption that the jurymen did read them, and cites in support of the contention *Meyer v. Cadwalader,* 49 Fed. (C. C., E. D. Pa.) 32, and *Morse v. Montana Ore-purchasing Co.,* 105 id. (C. C., D. Mont.) 337. The opinion in each of those cases was the announcement by the trial court of the reasoning by which it was impelled to grant a new trial, in the course of which it was said in effect

that under the circumstances there present the court might be satisfied that certain newspaper articles published during the trial were seen and read by the jury although there was no direct evidence to that effect. What is spoken of as a presumption in this connection is merely an inference based upon the unreasonableness of any other conclusion. In a given case a trial court may be justified in believing that certain newspaper publications have been read by the jury although there is no direct evidence of the fact, and in acting upon that belief, but it does not follow that its failure to take that view may be held by a reviewing court to constitute error.

In the present case the question was not permitted to rest upon circumstantial evidence only. Eight jurors made affidavit that they had read none of the articles in question. This not only exonerated these particular jurors from the charge of individual misconduct, but tended to allay suspicion against the others by confuting the argument that the publications were made so broadcast that they could not have escaped the observation of any one interested in the matter. Each of the remaining four jurors made affidavit that he had read all or a part of some one newspaper comment on the trial. There was no showing, however, that the articles that were read in whole or in part, or any of them, were of the number mentioned in the motion for a new trial and complained of by the plaintiff. In the case of two of them the contrary is made to appear affirmatively, in one instance by the date of the publication of the article read, and in the other by its title. In the case of the other two the record is silent on this subject. Beyond the mere fact that the articles read related in some way to the trial there is nothing to indicate their contents. This is not sufficient in itself to require the setting aside of the verdict. (17 A. & E. Encycl. of L. 1248.)    Misconduct of the jury is not to be pre-

Fields v. Dewitt.

sumed.   (17 id. 1206.)   It is incumbent upon the party alleging it to prove it.   There was a showing that some objectionable articles were published, and that some articles relating to the case were read by jurors; but there was no direct evidence that any of the objectionable articles were read, and it cannot be said that the court erred in not drawing that conclusion from the attendant circumstances.   There was no evidence whatever that any of the articles that were shown to have been read were objectionable.

Upon the publication of the first of the objectionable articles the plaintiff called the attention of the court to the matter, and asked that steps be taken "by admonishment of the jury and of the editors and reporters, or by contempt proceedings, to prevent injury to the plaintiff by any successive articles of a like nature."   The court duly cautioned the jury against being influenced by newspaper comment but refused to take any other action in the matter, and this refusal is assigned as error, being characterized as an abuse of discretion which prevented a fair trial.   Inasmuch as, for reasons already given, we hold that no prejudice is shown to have resulted to the plaintiff from any of the publications that were made at any time, the failure of the court to take the action requested cannot be deemed to have injured the plaintiff, even if it could under any circumstances have constituted a ground for reversing the judgment.

Complaint is also made of the fact that the affidavits of the four jurors who had read some newspaper comment on the case included statements that what they read did not in any way influence their verdict.   The court announced that it gave no weight to these statements, regarding them as incompetent, and formally sustained an objection to their consideration.   The question of their admissibility is therefore not presented.

The case was submitted to the jury at about half-

past five o'clock on a Saturday afternoon. At that time the court told the jury that if by six o'clock they had not arrived at a verdict they might then separate, and reassemble at half-past seven, and also gave them the admonition required by the statute as to their conduct during the separation thus expressly provided for or any that might take place later. The jury were allowed to separate and remain apart from six o'clock until half-past seven, and again from eleven o'clock on Saturday night until nine o'clock on Monday morning, without being called into court and having the admonition repeated to them. It is contended that these facts require the granting of a new trial, upon the authority of *Pracht v. Whittridge,* 44 Kan. 710, 25 Pac. 192. There a new trial was ordered because of the omission of the court to admonish the jury with reference to several separations that were permitted after they had retired for deliberation. A number of separations had occurred before the case was submitted, and upon each of these an admonition had been given relating to that particular occasion, but the jury were not told then or at any time that they were to observe the same rules upon all future separations or upon any of them. The decision goes no further than to hold that the statute is mandatory, and that where the jury are allowed to separate after the submission of the case to them, without at any time having received an admonition covering their conduct during such separation, a new trial must be awarded unless it be shown that no prejudice to the losing party resulted.

In criminal cases it is necessary that the admonition be given "when the jurors are permitted to separate after being impaneled, and at each adjournment" (Gen. Stat. 1901, §5680), while the provision of the civil code (Gen. Stat. 1901, §4726) is merely that "if the jury are permitted to separate, either during the trial or after the case is submitted to them, they shall be admonished" as to their duty in that regard. The

obvious difference in the language of the two sections cited suggests a like difference in the legislative intent. In the present case there was at least a literal compliance with the statute. The jury were permitted to separate after the cause was submitted to them, and they were admonished as to their duty while so separated. So far as relates to the first separation the objection made is without substance. The jury were told that in half an hour they might separate for a stated time, under directions then fully given them. There was no occasion for the repetition of these instructions a few minutes later, at the very moment of the separation.

Whether the fact that the jury were told to observe the same admonition at any other separation that might take place dispensed with the necessity for any further action in that regard need not be decided, the matter being controlled by another consideration. The trial court found that the plaintiff, by his attorneys, had consented that the jury might be allowed to separate until Monday morning without being further admonished, and had thus waived any irregularity in that respect. Plaintiff's counsel contend that what was agreed to was merely that the jury might separate until the time stated, and that there was no thought on their part of consenting to any departure from the regular procedure, it having been assumed by them that before the separation the jury would be called in and again admonished. The agreement, as shown by the record, was effected by the consent of the attorneys to a proposal made by the court, the terms of which were not as explicit as might be desired, but which was made under such circumstances that the court was justified in understanding that in assenting to it the attorneys agreed that the jury might be dismissed until Monday by the bailiff, in the absence of the judge, and therefore necessarily without receiving any additional admonition. The objection based upon

Fields v. Dewitt.

the manner of the second separation is on this account not available on review.

The claim that the court exceeded proper limits in urging upon the jury the desirability of their reaching an agreement is based upon an affidavit made by the plaintiff in support of his motion for a new trial, setting out that upon the return of the jury on Monday morning the court "insisted that the jury should agree if they could, and urged upon them to do so; that it was a big case, and that neither he nor they wished to try it again, and if possible they should agree." The record shows a statement by the court that "with reference to the direction to the jury to agree Mr. Fields, in his affidavit, puts the matter a little stronger than the court put it to the jury;" that the jury were told "to make all reasonable effort to agree; that it was an important case, one in which there were considerable costs, and that they should make all possible effort to agree and determine the matter, and to try to do the best they could to agree." The showing of the plaintiff, as modified by the statement of the court, falls far short of establishing coercion. Charges to the jury of a character similar to those here shown have often been held to be unobjectionable. (11 Encyc. Pl. & Pr. 304, 305.)

The judgment is affirmed.

All the Justices concurring.

PORTER, J., not sitting.