J. P. MARSHALL, H. J. WEAVER, CHARLES TEATER, A. L. HAMILTON and BEN POTTER, Individually and on Behalf of All Other Persons Similarly Situated, Appellants, v. DEPARTMENT OF AGRICULTURE OF THE STATE OF IDAHO, and JOHN S. WELCH (Substituted for A. W. B. KJOSNESS), Commissioner of the Department of Agriculture of the State of Idaho, Respondents.

[258 Pac. 171.]

CONSTITUTIONAL LAW—FOOD—FARM PRODUCTS MARKETING STATUTE—REASONABLE GRADES — CONFORMITY TO PROPER BRANDING — QUESTION OF FACT—EVIDENCE—STANDARD TO PERMIT SALE.

1. C. S., sec. 2032, by granting to the Department of Agriculture authority to put the farm products marketing statute in operation by fixing the necessary grades and standards, does not delegate legislative authority.

2. While the state may not prohibit the sale of an article which is wholesome, innocuous and harmless, it may establish reasonable grades or standards for farm products when sold in the receptacles or containers usually and ordinarily employed, and require that they, when so packed for sale, shall conform to such grades or standards so established.

3. C. S., sec. 2031, as amended by Laws 1923, chap. 50, and secs. 2032, 2033, do not prohibit sale of farm products unless of certain grade or standard, but merely require such an article when sold or offered for sale in established receptacle to be branded as to grade and to conform thereto, and with the regulations thereunder do not apply to articles when not packed in such receptacles.

4. Whether the commissioner of agriculture abused his discretion in limiting the number of standards under which potatoes should be graded and labeled involves a question of fact, which the court cannot decide in the absence of evidence.

5. The standards prescribed by the commissioner of agriculture under which potatoes should be graded and labeled for sale must be sufficiently comprehensive to permit the sale of potatoes usually and ordinarily grown in the various producing sections

of the state without any unnecessary interference with the unquestioned right to sell such product.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action of trial court sustaining demurrer to complaint. *Reversed and remanded, with instructions.*

James R. Bothwell and W. Orr Chapman, for Appellants.

The proposed regulations deprive plaintiffs of their freedom to contract. (U. S. Const., 14th Amendment; *Adkins v. Children's Hospital,* 261 U. S. 525, 24 A. L. R. 1238, 43 Sup. Ct. 394, 67 L. ed. 785; Const., art. 1, secs. 1, 13; *Hyatt v. Blackwell Lbr. Co.,* 31 Ida. 452, 1 A. L. R. 1663, 173 Pac. 1083.)

The proposed regulations do not constitute a valid exercise of the police power. (*Weaver v. Palmer Bros. Co.,* 270 U. S. 402, 46 Sup. Ct. 120, 70 L. ed. 366; *State v. Armstrong,* 38 Ida. 493, 33 A. L. R. 835, 225 Pac. 491; 6 R. C. L. 236; 12 C. J. 934.)

The regulations are not reasonable. (6 R. C. L. 240; *Ex parte Hall,* 50 Cal. App. 786, 195 Pac. 975.)

The proposed regulation does not bear any reasonable relation to the end sought. (*State v. Armstrong, supra; Wolff Pkg. Co. v. Court of Industrial Relations,* 267 U. S. 552, 45 Sup. Ct. 441, 69 L. ed. 785; *H. Krumgold & Sons v. Jersey City* (N. J.), 130 Atl. 635; *People v. Weiner,* 271 Ill. 74, Ann. Cas. 1917C, 1065, 110 N. E. 870, L. R. A. 1916C, 775;

Publisher's Note.

2. See 11 R. C. L. 1106.

3. Construction of statute or ordinance in relation to marking or branding of containers, note, 35 A. L. R. 782.

See Constitutional Law, 12 C. J., sec. 329, p. 845, n. 60.

Food, 26 C. J., sec. 4, p. 754, n. 35, 39, 40, p. 755, n. 68 New; sec. 11, p. 759, n. 45; sec. 16, p. 761, n. 73 New.

*Meyer v. Nebraska,* 262 U. S. 390, 29 A. L. R. 1446, 43 Sup. Ct. 625, 67 L. ed. 1042; *Burns Baking Co. v. Bryan,* 264 U. S. 504, 32 A. L. R. 661, 44 Sup. Ct. 412, 68 L. ed. 813.)

Turner K. Hackman, for Appellants.

The court erred in sustaining the demurrer and dismissing the action; the sections of the Compiled Statutes complained of in the complaint being upon their face unconstitutional and in violation of the provisions of the state constitution as charged in the complaint in that they attempt to delegate to the Department of Agriculture powers of legislation. ''The State Board of Health had no 'legislative power' properly so called, and none could be delegated to it. It is purely an 'administrative body.' '' (*State v. Burdge,* 95 Wis. 390, 60 Am. St. 123, 70 N. W. 347, 37 L. R. A. 157, 160, 161.)

''The power to fix the standards which is given by this ordinance is not a merely ministerial and executive power, but is one which involves discretion, and therefore cannot be delegated to the inspectors.'' (*Hengst v. Cincinnati,* 7 Ohio N. P. 1, 9 Ohio S. & C. P. (found in note page 1452, 12 A. L. R.).

''The act in question here is not for the purpose of preventing the sale of impure food, or the adulteration of food, or selling one kind of food under the name of another. The offense which it endeavors to create is that of not marking in the exact manner prescribed by the act. And this manner is certainly a most onerous one. Indeed, it would scarcely be practicable to comply literally with the requirement; and an approximate compliance would be exceedingly expensive and burdensome. The act . . . . seems to be an unwarranted restriction on the citizen's constitutional right to his property and to his privilege of freely following a legitimate business, and not required by any public necessity.'' *Ex parte Dietrich,* 149 Cal. 104, 84 Pac. 770, 5 L. R. A., N. S., 873.)

Frank L. Stephan, Attorney General, and John W. Cramer and Leon M. Fisk, Assistant Attorneys General, for Respondents.

The legislature cannot delegate legislative powers, but it may delegate to a commission the power to do some things which it might properly, but cannot advantageously do itself. It may vest in the commission authority or discretion to be exercised in the execution of the law. It may delegate the power to determine some fact or state of things upon which the law makes its own action or operation depend, and may declare its law shall be operative or applicable only upon the subsequent establishment of some fact. In all such cases when it does take effect it is by force of legislative action as fully as if the legislature had fixed, without conditions, the time or occasion of its becoming effective. (*Williams v. Evans,* 139 Minn. 32, 165 N. W. 495, L. R. A. 1918F, 542; *Schaake v. Dolly,* 85 Kan. 598, Ann. Cas. 1913A, 254, 118 Pac. 80, 37 L. R. A., N. S., 877; *Union Bridge Co. v. United States,* 204 U. S. 364, 27 Sup. Ct. 367, 51 L. ed. 523; *State v. Wagener,* 77 Minn. 483, 77 Am. St. 681, 80 N. W. 633, 46 L. R. A. 442; *Minneapolis St. P. & Ste. etc. Co. v. Railroad Commission,* 136 Wis. 146, 116 N. W. 905, 17 L. R. A., N. S., 821; *People v. Roth,* 249 Ill. 532, Ann. Cas. 1912A, 100, 94 N. E. 953.)

The regulation and control of the business of farm marketing is a proper exercise of the police power of the state. (C. S., sec. 2031, as amended by chap. 50, L. 1923; *State v. Horn,* 27 Ida. 782, 152 Pac. 275; *Sligh v. Kirkwood,* 237 U. S. 52, 35 Sup. Ct. 501, 59 L. ed. 835; *State v. Weller,* 171 Ind. 53, 85 N. E. 761; *State v. McKay,* 137 Tenn. 280, Ann. Cas. 1917E, 158, 183 S. W. 99; *Armour & Co. v. North Dakota,* 240 U. S. 510, 36 Sup. Ct. 440, 60 L. ed. 771; *Steiner v. Ray,* 84 Ala. 93, 5 Am. St. 332, 4 So. 172.)

A statute must clearly appear to be unreasonable and arbitrary before the courts are justified in interfering. The necessity and desirability of police regulations are very largely matters for legislative determination. (*State v.*

*Horn, supra; Ex parte Hall,* 50 Cal. App. 786, 195 Pac. 975.)

In passing upon the constitutionality of a statute the court must confine itself to a consideration of those matters which appear upon the face of the law and those facts of which it can take judicial notice. (*Frohliger v. Richardson,* 63 Cal. App. 209, 218 Pac. 497; *State v. Archibold,* 146 Wis. 363, 131 N. W. 895.)

GIVENS, J.—Appellants contend that C. S., sec. 2031, as amended by chap. 50, 1923 Session Laws, page 57, and C. S., secs. 2032 and 2033, and the regulations of the Department of Agriculture promulgated thereunder, with reference to white potatoes, are unconstitutional, because unreasonable, unjust, discriminatory, and depriving appellants of their property without due process of law in violation of the 14th amendment of the United States constitution and sections 1 and 13 of art. 1 of the Idaho constitution.

These sections, after a preliminary recitation that the business of farm marketing is of public interest and subject to control and regulation by the state, authorized the Department of Agriculture to promulgate rules, regulations and standards for marking, branding and packing of farm products as defined by the act, requiring that the same, when packed in receptacles and sold or offered for sale within this state, be branded according to the standards as laid down by the department and that such products, when so packed and branded, conform to such standards, and making a violation of such requirements a misdemeanor, excepting therefrom such products when to be consumed or used for manufacturing purposes wholly within the state.

The rules promulgated by the department fixed four grades for white potatoes, based substantially on the U. S. Standards of the regulations issued by the United States Department of Agriculture, U. S. Grades for potatoes, 1926. Appellants alleged that these state regulations were issued in July, 1926, to be effective on and after January 1, 1927.

[1]   The authority granted the Department of Agricul‑
ture to put the statute in operation by fixing the necessary
grades and standards was not a delegation of legislative
authority.   (12 C. J. 845; *Bailey v. Van Pelt*, 78 Fla. 337,
353, 82 So. 789; *Pierce v. Dolittle*, 130 Iowa, 333, 106 N. W.
751, 6 L. R. A., N. S., 143; *State v. Atlantic C. L. R. Co.*,
56 Fla. 617, 47 So. 969, 32 L. R. A., N. S., 639; *Williams v.
Evans*, 139 Minn. 32, 165 N. W. 495, 166 N. W. 504, L. R. A.
1918F, 542; *Union Bridge Co. v. United States*, 204 U. S.
364, 27 Sup. Ct. 367, 51 L. ed. 523; *United States v. Grim-
aud*, 220 U. S. 506, 31 Sup. Ct. 480, 55 L. ed. 563.)

[2]   The state may not prohibit the sale of an article
which is wholesome, innocuous and harmless, but it may
establish reasonable grades or standards for farm products
when sold in the receptacles or containers usually and ordi-
narily employed, and require that such products when so
packed for sale must conform to the grades or standards
so established.   (*Schmidinger v. Chicago*, 226 U. S. 578, 33
Sup. Ct. 182, 57 L. ed. 364; *Sligh v. Kirkwood*, 237 U. S.
52, Ann. Cas. 1914B, 284, 35 Sup. Ct. 501, 59 L. ed. 835;
*Town of St. Martinville v. Dugas*, 158 La. 262, 103 So. 761;
*City of St. Louis v. Liessing*, 190 Mo. 464, 109 Am. St. 774,
4 Ann. Cas. 112, 89 S. W. 611, 1 L. R. A., N. S., 918; *State
v. McKay*, 137 Tenn. 280, Ann. Cas. 1917E, 158, 193 S. W.
99; *State v. Co-operative Store Co.*, 123 Tenn. 399, Ann.
Cas. 1912C, 248, 131 S. W. 867.)

[3]   Appellant ingeniously argues that the statute in
effect has told the producer that he may not sell unless he
produces an article of a certain grade or standard; the cor-
rect analysis shows, however, that the statute merely pro-
vides that the article when sold or offered for sale in such
receptacles must be branded showing what grade or specifi-
cation it comes under and that it must conform thereto.
(*Sligh v. Kirkwood, supra; Standard Stock Food Co. v.
Wright*, 225 U. S. 540, 32 Sup. Ct. 784, 56 L. ed. 1197;
*State v. Weller*, 171 Ind. 53, 85 N. E. 761; *Steiner v. Ray*,
84 Ala. 93, 5 Am. St. 332, 4 So. 172.)

It is argued that this law is unconstitutional because of the difficulties of grading and branding potatoes in bulk or in the field. The state statutes and regulations do not apply to potatoes when not packed in such receptacles.

[4, 5]  Though not clear, appellant evidently intended to allege that there were too few standards; that there was too large a spread as to quality, size, conformation, etc., between No. 1 and No. 2. A determination of this question involves an issue of fact and in the absence of evidence the court could not decide whether the commissioner abused his discretion in limiting the number of standards under which potatoes should be graded and labeled. Such standards must be sufficiently comprehensive to permit the sale of potatoes usually and ordinarily grown in the various producing sections of the state without any necessary interference with the unquestioned right to sell such product. (*Burns Baking Co. v. Bryan*, 264 U. S. 504, 32 A. L. R. 661, 44 Sup. Ct. 412, 68 L. ed. 813; *State v. McKay, supra.*) As to this phase of the controversy the demurrer was improperly sustained.

The judgment of the lower court is reversed and the cause remanded, with instructions to overrule the demurrer, permit an answer to be filed and evidence taken and findings and conclusions made as to the reasonableness of such standards. Costs awarded to appellants.

Wm. E. Lee, C. J., and Budge and T. Bailey Lee, JJ., concur.