(No. 5044. December 10, 1928.)

ELIJAH R. CHAMBERS, Appellant, v. EFFIE E. Mc-COLLUM, as Treasurer of Clearwater County; JOSEPH KAUFMAN, as Auditor of Clearwater County; and BEN E. BUSH, as State Forester of the State of Idaho, Respondents.

[272 Pac. 707.]

Benjamin F. Tweedy, for Appellant.

Frank L. Stephan, Attorney General, S. E. Blaine, H. O. McDougall, Assistants to Attorney General, and Arthur S. Guerin, for Respondents.

BUDGE, J.—The questions raised on this appeal involve, in certain designated particulars hereinafter pointed out, the constitutionality of the Idaho Forestry Law (Sess. Laws 1925, chap. 150, pp. 265–286.) From the allegations contained in the complaint it appears, substantially, that appellant is the owner of eighty acres of timber land situated in the Clearwater forest protective district in Clearwater county, and that a charge against his land of $8.91 has been levied under and by virtue of the Forestry Law, which sum will be made a lien on his land and collected as taxes are collected, with a possible penalty; that the land is regularly assessed for state and county taxes and that the charge of $8.91 constitutes a second tax for the same purpose; that, while certain underbrush and timber on the land should be burned, appellant may not burn the same for fear of violating the Forestry Law and being prosecuted thereunder, and that said law and the enforcement thereof deprive him of the free use, enjoyment and possession of his land; and that the Forestry Law is unreasonable, arbitrary, tyrannical, unconstitutional and void, being in violation of numerous provisions of the state and federal constitutions. It is alleged that unless respondents, as treasurer and auditor of Clearwater county and as State Forester, respectively, be enjoined from enforcing the provisions of the Forestry Law, appellant will suffer irreparable damage and injury; and the prayer of the complaint is for injunctive relief. General demurrers to the complaint on behalf of respondents were sustained, and the complaint dismissed. The appeal is taken from the order sustaining the demurrers and judgment of dismissal.

■ It is suggested that the title of the act violates the provision of the state constitution against an act embracing more than one subject and matters properly connected therewith. The specific objection raised in this regard is that the title relates to the preservation and protection of state lands as well as privately owned lands, and appellant contends that by article 9, secs. 7 and 8 of the constitution, state lands are required to be made the subject of legislation distinct and apart from all other subjects of legislation. The title states, in its most important particular, that it is an act relating to the forests of the state and providing for their preservation. Section 7 of article 9 of the constitution, creating the State Board of Land Commissioners and providing for its personnel, and section 8, dealing with the duties of such board in the direction, control and disposition of the public lands of the state, do not, either expressly or by the broadest implication, require legislative enactments concerning public lands of the state to be contained in an act or acts separate and apart from enactments which may have reference to other than public lands. The act treats of but one general subject, and is not invalid for objection raised to the title.

■ The act creates what is called a state co-operative board of forestry, giving it authority to determine policies and to make and enforce rules and regulations for the administration of the statute; and provision is made for the appointment of a State Forester to execute the law. The authority thus vested to make rules and regulations is contended by appellant to be an unlawful delegation of legislative power, and so as to render, therefore, all rules and regulations contained in the act, or elsewhere, void.

"There are no constitutional objections arising out of the doctrine of the separation of the powers of government to the creation of administrative boards empowered within certain limits to adopt rules and regulations, and authorizing them to see that the legislative will expressed in statutory form is carried out by the persons or corporations over whom such board may be given administrative power.

Boards and commissions of this character do not exercise any of the powers delegated by the legislature. They do not make any laws. They merely find the existence of certain facts, and to these findings of fact the law enacted by the legislature is applied and enforced. As in the case of other executive officers administrative boards may be given the power to perfect the details of a plan the general outlines of which have been laid down in a statute of the legislature." (6 R. C. L., p. 179, sec. 179.)

See, also, 12 C. J., p. 845 et. seq.; *Schaake et al. v. Dolley*, 85 Kan. 598, Ann. Cas. 1913A, 254, 118 Pac. 80, 37 L. R. A., N. S., 877; *Light v. United States*, 220 U. S. 523, 31 Sup. Ct. 485, 55 L. ed. 570; *Williams v. Evans*, 139 Minn. 32, 165 N. W. 495, 166 N. W. 504, L. R. A. 1918F, 542.)

■■ Section 30 of the act is attacked upon the ground that the State Forester is permitted thereby to exercise arbitrary power in determining whether certain material on land constitutes a fire menace to life and/or property. The legislature is within its power in authorizing the finding of particular facts by an administrative officer or board. (Authorities cited, *supra.*) It was recently held by this court, in *Marshall v. Department of Agriculture*, 44 Ida. 440, 258 Pac. 171, that a statute authorizing the department of agriculture to promulgate rules, regulations, standards and grades for marking, branding and packing of certain farm products, was not an (unlawful) delegation of legislative authority. Accordingly, the legislature may delegate to executive or administrative officers the power to determine certain facts, or the happening of a certain contingency, on which the statute is, by its terms, made to depend. (12 C. J. 846.)

"It has been well said that to deny to the Legislature the right to delegate the power to determine some fact or state of things upon which the enforcement of an enactment depends would stop the wheels of government and bring about confusion, if not paralysis, in the conduct of the public business." (*Schaake v. Dolley*, 85 Kan. 598, 118 Pac. 80.)

█ Permitting the state board of land commissioners to fix the salary of a Deputy State Forester whose appointment may be recommended by the State Forester, as provided in the last paragraph of section 1 of the act, is contended by appellant to be an unlawful delegation of legislative authority. The legislature in this instance has properly exercised its right in designating by whom such appointment may be made. (*Elliott v. McCrea*, 23 Ida. 524, 528, 130 Pac. 785; 12 C. J. 846.) The power of making the appointment being unquestioned, the right to fix the salary of such officer by the body making the appointment is incidental. It would be illogical to hold that the right to make the appointment did not carry with it the authority to provide for compensation, and to do so would result in a nullification of the act in this respect.

██ Objection is raised to the authority vested in the State Forester under section 2 of the act to divide the state into forest protective districts. This provision is clearly for the purpose of effective administration and economical protection of forest lands, and is not void for indefiniteness as not fixing the place where the law is to operate, as it is specifically applicable to "every owner of forest lands in the state." For the same reason, the law is not subject to the objection that its terms do not apply to and its provisions operate upon all persons and subject matters in like situations.

█ Appellant insists that the charge of $8.91 levied against his land under and by virtue of the Forestry Law is a tax, and that, his land being regularly assessed for state and county taxes, the charge of $8.91 constitutes a second tax for the same purpose and is therefore in violation of art. 7, sec. 5 of the state constitution, providing that duplicate taxation of property for the same purpose during the same year is prohibited. The authority for the assessment under the Forestry Law is found in section 4 thereof, providing, *inter alia*, that if the owner of forest lands in the state shall neglect or fail to provide adequate and efficient protection therefor against fires, such protection shall

be provided by the State Forester at actual cost, and any sums due therefor, unless previously paid, shall be collected in the same manner and time as general state and county taxes.

The supreme courts of Oregon and Washington have passed upon similar objections raised under analogous provisions of their Forestry Laws. In *First State Bank v. Kendall Lumber Corporation*, 107 Or. 1, 13, 213 Pac. 142, 146, it was said:

"This statute was not designed for the purpose of raising revenue, and its enactment was not an exercise of the taxing power of the state. The act is a reasonable and proper police regulation designed to protect the forests of the state from destruction by fire. The method adopted by the Legislature to compel the delinquent owner to reimburse the state for the moneys so expended provides merely for the collection of an indebtedness imposed under the police power of the state, and not for the collection of a tax."

*In State v. Pape*, 103 Wash. 319, 174 Pac. 468, it was said, speaking of the cost of providing protection to forest lands by the State Forester after the owner has failed to do so:

"These disbursements so made by the state forester are made for and on behalf of the private forest land owners, for their special benefit as well as incidently for the general benefit of the whole public. The disbursements are required to be laid, if not paid, upon the lands benefited, and collected by the taxing officers. But this arrangement does not necessarily make the assessment taxation. . . . These funds were not taxes levied and collected for state purposes generally, but were assessments laid upon private lands particularly for the benefits done those private lands."

The charge against appellant's land for fire protection furnished by the State Forester does not constitute a tax within the purview of the provision of the constitution sought to be invoked. Taxes are levied for governmental purposes, while this is an indebtedness due by reason of protection furnished at actual cost for the benefit of the owner

as well as to afford protection against fires in the forests throughout the state generally. (*Eliott v. McCrea*, 23 Ida. 524, 529, 130 Pac. 785; *Booth v. Clark*, 42 Ida. 284, 290, 244 Pac. 1099.)

 Appellant contends that section 4 of the act is a denial of due process, in that the State Forester is authorized thereunder to determine whether or not the owner of forest land has furnished or provided during the closed season adequate and efficient protection against the starting, existence or spread of fires thereon. The legislature has delegated to the State Forestry authority to determine the facts in this regard, and while the act does not expressly provide for a hearing upon this question in any court of competent jurisdiction, a forest land owner is not deprived of access to the courts under the ordinary constitutional guaranties of due process, for the purpose of having determined the question of whether the protection, if furnished by him, is adequate and efficient, or equal in standard, efficiency and seasonal duration to that of those who, in compliance with the law and the regulations of the board, are, in good faith, maintaining organized protection of their lands against fire in the same forest protective district. (12 C. J., p. 1241, sec. 1018.) The question of the constitutionality of the standard of protection required is not raised nor do we consider or pass upon it.

 It is also contended that the determination of the amount of the charge against the land for protection furnished by the State Forester, upon the theory of a benefit accrued as a result thereof, is a judicial question as to which the act should make provision for submission to the courts. Section 4 of the act provides that in the event the owner of any forest land shall neglect or fail to provide adequate and efficient protection therefor, the State Forester shall provide such patrol and protection therefor at actual cost, and by the second Monday in October of each year prepare a list of the amounts charged against property protected, and upon request from any owner, render the latter a statement of the sum so due from such owner. ''Upon

further request made to said forester within ten days following said second Monday in October, any such owner shall be granted a hearing before the board on the fourth Monday in October, or before an executive committee thereof at a time and place of which such owner shall be given prompt notice on any subject pertaining to the correctness of the sum held due from such owner. Said board shall then either approve or revise all sums to be collected, and the State Forester shall certify each and every correct amount to the auditor of the county or counties in which such property is situated . . . . '' The statute thus gives an opportunity to question the amount of the charge and affords a mode of correction. Due process of law does not always require resort to a court of justice. (See learned discussion in *State v. Sponaugle,* 45 W. Va. 415, 32 S. E. 283, 43 L. R. A. 727.) As stated in the paragraph last above, however, a person aggrieved at the imposition of a charge against his land may resort to the courts, where adequate relief may be obtained when he has shown his rights to be affected or infringed. Either of these remedies excludes the idea of want of due process.

Appellant contends that section 13 of the act contravenes section 1 of the Fourteenth Amendment to the constitution of the United States, in that it deprives him of his property without due process of law, and that it is in violation of art. 1, sec. 1 of the state constitution. The section of the act assailed provides against the setting of certain fires described, during the closed season (from June 1st to September 30th of each year), without permission from the State Forester or fire-warden of the district. The manifest purpose of the provision is to guard against the indiscriminate setting of fires within areas that, during the summer months, constitute dangerous fire menaces. Without vigilance of the kind provided for, it would be veritably impossible to have the forests of the state remain anywhere near intact, by reason of the tendency of fires in these areas to spread and the difficulty of keeping them under control once they are started. It is not only for the protection of

the forest lands of the state generally, but operates for the benefit of individuals such as appellant by minimizing the possible damage to their lands and other property through the carelessness and neglect of persons setting fires without any restraint whatever. Appellant nor anyone else is in nowise prevented, under the act, from setting such fires outside of the closed season, and we fail to discern any injury by requiring a permit to be obtained for such purpose at a time when it is imperative that such fires be properly regulated and controlled. Far from being unreasonable or oppressive, this provision of the statute should commend itself to everyone. With these considerations in mind, as no doubt they were, the legislature was well within its power in adopting the regulation in question.

Section 1 of the Fourteenth Amendment to the constitution of the United States "does not limit, nor was it designed to limit, the subjects upon which the police power of the states may be exerted. The nature and extent of such legislation will necessarily depend upon the judgment of the legislature as to the security needed by society." (*Minneapolis & St. L. R. Co. v. Beckwith,* 129 U. S. 26, 29, 9 Sup. Ct. 207, 208, 32 L. ed. 585; *State v. Horn,* 27 Ida. 782, 152 Pac. 275; *Powell v. Pennsylvania,* 127 U. S. 678, 8 Sup. Ct. 992, 1257, 32 L. ed. 253.) Nor does art. 1, sec. 1 of the state constitution prohibit a reasonable restriction of the use of property in the exercise of the police power of the state. As said in *State v. Dolan,* 13 Ida. 693, 92 Pac. 995, 14 L. R. A., N. S., 1259:

"It must be conceded that the very necessity of government itself concedes a power to impose certain restrictions upon individual rights of life, liberty and property, and the power to regulate the conduct of business as well as the conduct of the individual. Did not constitutional government possess such power, it could not serve any useful purpose, and without power to restrain individuals from transgressing the rights of others and to restrain them in their conduct, which is necessary to conserve and protect the rights of all, the government must fail. This power in

government is what may be termed and denominated 'police power.' ''

Appellant urges that no appropriation is made by the act in question. However this may affect the act, or whatever appellant's position in regard thereto may be, an absolute answer thereto is that 1925 Sess. Laws, chap. 150, sections 28, 29 make specific appropriations under two funds.

The rule is that before a legislative enactment will be held to be unconstitutional, it must clearly appear to be so, and if there be any doubt as to the constitutionality of an act it must be resolved in favor of the act. (*In re Edwards*, 45 Ida. 676, 266 Pac. 665; *Smallwood v. Jeter*, 42 Ida. 169, 244 Pac. 149; *Ingard v. Barker*, 27 Ida. 124, 147 Pac. 293.) We are persuaded that the forestry law is constitutional, as to the provisions herein considered, and that the restrictions imposed upon the owner of forest land in regard to the setting of fires thereon and the provisions in regard to the removal of inflammable material therefrom, are but reasonable and necessary regulations designed for the protection of one of the state's greatest natural resources, and for the benefit of its citizens, unquestionably within the proper exercise of the police power of the state.

The last point urged by appellant is that the court erred in sustaining the demurrers and dismissing the complaint without permitting the same to be amended. This contention we think is answered sufficiently by the fact that the record shows no application to the court for permission to amend the complaint either before or after the demurrers were sustained. (*Minor v. Carpenter*, 28 Cal. App. 368, 152 Pac. 737; *Butler v. Burt*, 6 Cal. Unrep. 917, 68 Pac. 973; *Robertson v. Burrell*, 110 Cal. 568, 42 Pac. 1087.)

The judgment is affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Givens and Taylor, JJ., concur.