337 P.2d 592

Aubrey E. HOWARD and Hallie M. Howard,
husband and wife, Plaintiffs-Appellants,

v.

Eugene E. MISSMAN and Raymond Grossen,
Defendants-Respondents.

No. 8654.

Supreme Court of Idaho.

April 2, 1959.

J. F. Martin, C. Ben Martin, Boise, for appellant.

Elam & Burke, Boise, for respondent.

TAYLOR, Justice.

Plaintiffs (appellants) brought this action to recover damages for personal injuries and damage to their automobile suffered in a collision with a pickup truck owned by defendant (respondent) Grossen and driven by defendant (respondent) Missman. The accident occurred on the evening of September 17, 1955, on U. S. highway 95 between Cambridge and Council. The highway at that point runs generally east and west. The center of the highway was marked by a broken white line, and on the south side of the center line there was a solid or continuous line, indicating that in that zone it was unlawful to cross to the left of the center line. The plaintiffs in their automobile were traveling east following the pickup. The pickup slowed down to make a left-hand turn into the farm lane at the home of defendant Grossen on the north side of the highway. At that time plaintiff, Howard, crossed the center line to the left and undertook to pass the pickup on the left. Missman had turned across the highway to the left and had reached the point near the north edge thereof, when the left rear of the pickup was struck by plaintiffs' car.

The jury's verdict was against plaintiffs on their complaint and in favor of defendant Grossen on his cross-complaint for damage to the pickup. From the judgment entered thereon plaintiffs brought this appeal.

Plaintiffs contend that I.C. § 49–714 is an unconstitutional delegation of legislative power to the department of highways. That section provides:

"The department of highways is hereby authorized to determine those portions of any highway where overtaking and passing or driving to the left of the roadway would be especially hazardous and may by appropriate signs or markings on the roadway indicate the beginning and end of such zones and when such signs or markings are in place and clearly visible to an ordinarily observant person every driver of a vehicle shall obey the directions thereof, subject to penalty for violation prescribed in section 49–1103."

Sections 49–712 and 49–713 contain further particular limitations on crossing to the left of the center line, and also stand-

ards for the guidance of the department of highways in determining and marking no-passing zones. These sections clearly express the legislative purpose, and are sufficiently explicit to enable the administrative agency to accomplish the legislative purpose by purely administrative action. The function of determining and marking hazardous zones is an administrative, not a legislative, function.

"A legislative body cannot delegate legislative power to make laws to other body or authority, State v. Nelson, 36 Idaho 713, 213 P. 358, but this rule does not preclude conferring upon local subdivisions or administrative officers the power to prescribe or vary regulations concerning motor vehicles used on public highways within definite limits fixed by the legislative body." State v. Heitz, 72 Idaho 107, 238 P.2d 439, 441.

The applicable principle was stated by Justice McKenna in Mutual Film Corporation v. Industrial Commission, 236 U.S. 230, 35 S.Ct. 387, 392, 59 L.Ed. 552, Ann. Cas.1916C, 296:

" * * * Undoubtedly the legislature must declare the policy of the law and fix the legal principles which are to control in given cases; but an administrative body may be invested with the power to ascertain the facts and conditions to which the policy and principles apply. If this could not be done there would be infinite confusion in the laws, and in an effort to detail and to particularize, they would miss sufficiency both in provision and execution." 35 S.Ct. at page 392, 59 L.Ed. at page 560.

We find no constitutional infirmity in the statute. Idaho Power & Light Co. v. Blomquist, 26 Idaho 222, 141 P. 1083; Marshall v. Dept. of Agriculture, 44 Idaho 440, 258 P. 171; Chambers v. McCollum, 47 Idaho 74, 272 P. 707; State v. Taylor, 58 Idaho 656, 78 P.2d 125; Electors of Big Butte Area v. State Board of Education, 78 Idaho 602, 308 P.2d 225; Northern Pac. Ry. Co. v. Bennett, 83 Mont. 483, 272 P. 987; State v. Wetzel, 208 Wis. 603, 243 N.W. 768, 86 A.L.R. 274; Ashland Transfer Co. v. State Tax Comm., 247 Ky. 144, 56 S.W.2d 691, 87 A.L.R. 534.

■ Appellants assign as error instruction No. 26 containing the foregoing statute, and instruction No. 28, as follows:

"A violation of any of the Statutes designated as Idaho Code sections 49-710, 49-714, 49-724 that I have read to you, constitutes negligence as a matter of law, unless, under all the circumstances surrounding the event, the conduct in question was excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence.

"To prove that a violation of a statute was excusable and justifiable so as to overcome the presumption of negligence, the evidence must support a finding that the violation resulted from causes or things beyond the control of the person charged with the violation."

Instruction No. 28 is in harmony with State ex rel. McKinney v. Richardson, 76 Idaho 9, 277 P.2d 272, and is not erroneous.

■ Appellants also urge that instructions Nos. 26 and 28 are erroneous in that no evidence was presented by defendants to support the propositions thereby submitted to the jury. Specifically they urge a want of evidence showing that the department of highways determined the area, where the collision occurred, to be especially hazardous, or showing that the no-passing line was placed or maintained thereon by the department of highways or by its authority. Wherever official traffic signs or markings appear upon a highway, it is presumed that they were placed, and are maintained, by lawful authority, and—in civil cases at least—the burden is on the party, asserting the contrary, to overcome the presumption by evidence tending to show that such signs or markings were not placed or maintained by lawful authority. Kingston v. Hardt, 18 Cal.App.2d 61, 62 P.2d 1376; Stull v. Davidson, 125 Ind.App. 565, 127 N.E.2d 130; Davidson v. Fornicola, 38 N.J.Super. 365, 118 A.2d 838; Annotation, Traffic Signal, etc., 164 A.L.R. 213.

"We here express the conclusion that *in civil actions* such objects of the common and conventional size, shape and appearance as stop signs, traffic signals and devices, safety isles, and pavement markings as may be placed in or over and on the public streets and highways shall, in the absence of evidence which renders the presumption unavailable, be presumed to have been lawfully erected, placed and maintained. The presumption is, however, of a rebuttable nature." Davidson v. Fornicola, 38 N.J.Super. 365, 118 A.2d 838, at page 846.

■ Plaintiffs also urge that no competent evidence was produced to show any lawful purpose or meaning of the double line. The courts of this state take judicial notice of the public and private official acts of the executive department of the state government. I.C. § 9–101. In this case such notice includes the "Idaho Drivers Handbook", published under authority of the department of law enforcement, and the "Manual on Uniform Traffic Control Devices for Streets and Highways", prepared by the American Association of State Highway Officials, Institute of Traffic Engineers, and National Conference on Street and Highway Safety, adopted by the Idaho

board of highway directors, May 19, 1955. Ineas v. Union Pac. R. Co., 72 Idaho 390, 241 P.2d 1178; Annotation, 48 A.L.R.2d 1112.

■ Traffic rules and regulations, signs, signals and markings, lawfully adopted and placed by administrative authority, and which are not merely arbitrary or capricious, have the force and effect of law, and motorists are charged with knowledge of the significance thereof. Idaho Power & Light Co. v. Blomquist, 26 Idaho 222, 141 P. 1083; McFall v. Arkoosh, 37 Idaho 243, 215 P. 978; Marshall v. Dept. of Agriculture, 44 Idaho 440, 258 P. 171; Chambers v. McCollum, 47 Idaho 74, 272 P. 707; State v. Heitz, 72 Idaho 107, 238 P.2d 439; Ineas v. Union Pac. R. Co., 72 Idaho 390, 241 P. 2d 1178; Pehrson v. C. B. Lauch Construction Co., 9 Cir., 237 F.2d 269.

■ Mr. Howard, driver of plaintiffs' car, testified that he had followed the pickup a half mile, sounded his horn and dimmed his lights before attempting to pass, and that the driver of the pickup then slowed down. He was then asked, "What impression did you gain from the fact that he had slowed down?" Objection was sustained on the ground the question called for a conclusion of the witness. The ruling is assigned as error. The general rule is that a non-expert witness may give his conclusion or the impression he gains from the conduct of another, where, because of its nature, the ultimate fact in issue is difficult to express in terms of evidentiary facts. In any case, however, the witness must be one who was in a position to know the facts upon which the conclusion is based, and who has first testified to such facts. People v. Deacon, 117 Cal.App.2d 206, 255 P.2d 98; Allen v. Matson Navigation Co., 9 Cir., 255 F.2d 273; 20 Am.Jur., Evidence § 818; 32 C.J.S. Evidence § 490, p. 148 et seq. Cf. Madron v. McCoy, 63 Idaho 703, 126 P.2d 566.

■■ It can be seriously urged that the witness Howard was in a better position to draw a conclusion from the conduct of the driver of the pickup, than could the jury from his mere statement of the facts. If it appeared to the trial judge that he could, then he should have been permitted to answer; otherwise not. In any event, the question presented is on the borderline between that which is admissible and that which is not. In such case the ruling of the trial court will not be disturbed. Moreover, in this case the court instructed the jury as to the requirements of I.C. §§ 49–710, 49–724, 49–725 and 49–726, regarding precautions and signals which were required of the driver of the pickup truck before making the left turn immediately prior to the collision, and that negligent failure on the part of the driver of the pickup to observe and perform

these statutory duties, proximately causing or contributing to the accident, would preclude recovery of damages to the pickup. The verdict of the jury on the cross-complaint indicates a finding by the jury that Missman gave the proper signal of his intention to make the left turn. Under such circumstances the impression gained by Howard from the fact that the pickup slowed down could not have changed the result.

■ Appellants further assign as error the failure of the trial court to admonish the jury, as required by Rule I.C. § 10–210, before each separation of the jury during the course of the trial. At the first recess the court admonished the jury, "Please remember the admonition I have given you heretofore." No previous admonition appears in the record. At subsequent recesses the court either failed to admonish the jury, or advised them:

"I'll ask you to remember the admonition I have given you before about talking about the case or allowing anyone to talk to you about it or forming any conclusion or any opinion."

"* * * please remember the admonition I have given you about talking about the case or allowing anyone to talk to you."

"I'll ask you to remember the admonition I have given you before, and still holds, that you are not to discuss this case among yourselves or allow anyone to talk to you about it, and you are not to form any conclusion until it is finally submitted to you."

The statutory rule should be followed. Particularly a complete admonition should be given upon the first separation after the jury is impaneled. In this case, however, in view of the admonitions given, the failure of appellants to object or call attention to the want of admonition, and the absence of any appearance or suggestion of prejudice, we do not regard the failure of the court more closely to comply with the rule as reversible error. Langley v. State, 53 Okl.Cr. 401, 12 P.2d 254; Pracht v. Whitridge, 44 Kan. 710, 25 P. 192; People v. Burwell, 44 Cal.2d 16, 279 P.2d 744; 89 C.J.S. Trial § 454, p. 78; 53 Am.Jur., Trial, § 890, p. 641.

■ Error is assignd in the admission of exhibits 27 and 28, being photographs of the pickup truck taken after the collision. Objection was made that a proper foundation had not been laid for their admission. The witness Missman, driver of the pickup, testified that he had examined the truck, and that the pictures portrayed the appearance of the truck after the collision. The exhibits were properly admitted. McKee v. Chase, 73 Idaho 491, 253 P.2d 787; State

ex rel. McKinney v. Richardson, 76 Idaho 9, 277 P.2d 272.

Appellants assign as error the refusal of the trial court to give their request for instruction No. 5. This request sets forth the presumption of law that one driving the vehicle of another is presumed to be acting as the agent of the owner, and would have submitted to the jury the issue as to whether Missman was driving the pickup as the agent of Grossen. At the close of the evidence the court ruled that there was no issue of agency in the case. The evidence showed that Missman, a nephew of Grossen, was the owner of a Pontiac station wagon; that both were on their way to the Grossen home; that Grossen desired to drive the station wagon to see how that kind of car operated; and that Missman was driving Grossen's pickup for Grossen. Whether or not such facts would make Missman the agent of Grossen in the driving of the pickup is now immaterial. The court instructed the jury that Grossen would be liable for any negligence on the part of Missman [I.C. § 49–1404] it being shown that Missman was operating the pickup with Grossen's permission. The jury's verdict being in favor of the defendant Missman, appellants were not prejudiced by the failure of the court to submit to the jury the issue of agency.

The judgment is affirmed, with costs to respondents.

KNUDSON and McQUADE, JJ., and MARTIN, D. J., concur.

PORTER, C. J., not participating.

SMITH, J., deeming himself disqualified, did not participate.