494 P.2d 150

**Mary A. ZORET, Plaintiff-Appellant,**
**Donald E. Mace, Plaintiff, Cross-Defendant,**

v.

**Harry BREEDEN, d/b/a Lookout Mountain Service and Arnold West, Defendants, Cross-Plaintiffs and Respondents.**

**No. 10740.**

Supreme Court of Idaho.

March 2, 1972.

Charles H. Kimball and C. J. Hamilton, Coeur d'Alene, for plaintiff-appellant.

E. L. Miller, Coeur d'Alene, for respondents.

SHEPARD, Justice.

This is an appeal from a judgment entered following a jury trial and verdict in an automobile accident case. Plaintiffs Donald Mace and Mary Zoret filed a joint action against defendants, and those defendants filed a cross-complaint against Plaintiff Mace. Following trial, the jury returned a verdict against plaintiffs Zoret and Mace on their complaint and in favor of defendants on their cross-complaint against Mace. Only plaintiff Zoret has appealed from the judgment entered upon that verdict.

During the evening hours of October 27, 1967, plaintiff Zoret was driving on a highway near Harrison, Idaho. She lost control of her car on the wet pavement, left the road at about 55 miles per hour, struck a tree and came to a stop approximately 20 feet off the highway. She was able to reach a telephone and called the defendant wrecker service, which dispatched a wrecker driven by Arnold West. West picked up plaintiff Zoret at the point from which she had telephoned and then proceeded with her as a passenger to the point of the accident.

Reaching the point of the accident, West parked the wrecker in the northbound lane facing south. The headlights of the wrecker were lighted and the emergency flashers of the wrecker were in operation. When viewed from the front of the wrecker, the flashers were amber in color, about 8 inches by 3 inches in size, and located below the headlights of the wrecker. On the rear of the wrecker, there were red flashing lights. The place of the accident was in the near middle of a long unobstructed straight section of the highway and facing south from the scene of the accident was some 2300 ft. of highway with clear visibility.

While West was engaged in attempting to extricate the Zoret car, plaintiff Mace rounded a turn proceeding northward, traveled the 2300 ft. of unobstructed highway and struck the wrecker near its left rear. It was raining at the time of the collision, but it did not appear that visibility was more than slightly impaired. Plaintiff Zoret was sitting in the cab of the wrecker at the time of the collision and alleges that she struck her head upon the dashboard, or windshield of the wrecker. Plaintiff Zoret has appealed from the judgment entered against her and asserts that the trial court erred in the admission of certain testimony and in certain of its instructions to the jury. All of said assertions of error relate to the lighting equipment of and on the wrecker of the defendants, or to Zoret's claim of inadequate lighting upon the said wrecker.

As noted initially, the jury returned a verdict denying plaintiffs Zoret or Mace any recovery against defendants and returned a verdict in favor of the defendants on their cross-complaint against Mace for damages to the wrecker. No appeal was taken herein from that verdict or the judgment thereon insofar as Mace is concerned. We therefore note that there were several theories upon which the jury verdict denying any recovery to Zoret could have been based. An expert medical witness testified that he could find no damage resulting from the accident sufficient to cause Zoret's alleged complaint, but that arthritis

could have caused some of the symptoms alleged by Zoret. That witness further testified that it was impossible, assuming there were any injuries, to determine whether they had been caused by the first accident when Zoret had run her car off the road or whether they had been caused by the collision between Mace's automobile and the wrecker. Alternatively, the jury could have found that Mace's action was the proximate and sole cause of any assumed injuries to Zoret. Further, the jury may have found that there was no negligence on the part of the defendants, particularly since any contributory negligence on the part of the defendants would otherwise have barred their recovery against Mace.

The assignments of error can be summarized to a single issue: that the wrecker should have had a flashing red light atop its cab visible from the front. Appellant complaints of two instructions of the trial court regarding the lighting equipment upon or required to be upon the wrecker.[1]

The statutory provisions which have application to vehicle lighting in the context of this case are set forth as follows:

"49–815. Lamps on parked vehicles.— (a) * * *.

"(b) Whenever a vehicle is parked or stopped upon a roadway or shoulder adjacent thereto, whether attended or unattended, during the hours between a half hour after sunset and a half hour before sunrise and there is not sufficient light to reveal any person or object within a distance of 500 feet upon such highway, such vehicle so parked or stopped shall be equipped with one or more lamps meeting the following requirements: At least one (1) lamp shall display a white or amber light visible from a distance of 500 feet to the front of the vehicle, and the same lamp or at least one (1) other lamp shall display a red light visible from a distance of 500 feet to the rear of the vehicle, and the location of said lamp or lamps shall always be such that at least one (1) lamp or combination of lamps meeting the requirements of this section is installed as near as practicable to the side of the vehicle which is closest to passing traffic. * * *"

I.C. § 49–819:

"Signal lamps and signal devices.—(a) * * * [stop lamps red to rear]

"(b) Any motor vehicle may be equipped and when required under this act shall be equipped with lamps or mechanical signal devices showing to the front and rear for the purposes of indicating an intention to turn either to the right or left. When lamps are used for such

---

1. "INSTRUCTION NO. 26
"You are instructed that under the applicable laws of the State of Idaho controlling lighting equipment on motor vehicles that the Defendant was not required to have any lights of any kind mounted upon the top of his wrecker and that, in fact, no such lights could have been lawfully used without express authorization by the Department of Law Enforcement.

"You are further instructed that an operator of a wrecker while engaged in the necessary operation of moving a disabled vehicle is not required by any statutory law to place signal devices upon the highway such as flares, lighted fusees, lighted electrical lanterns or portable electric reflectors. However, whether or not a reasonable, prudent man would place such devices under the same or similar circumstances as you find the facts of this case to show is a question for you to determine in deciding whether or not the Defendants acted in a negligent manner."

INSTRUCTION NO. 30
"The fact that Defendant Harry Breedon's wrecker was equipment with all the warning lights required by the Idaho Code and that these lights were operative at the time of the accident would not, of itself, be conclusive that Defendants acted as reasonable and prudent men under the circumstances existing at the time of the accident involving the Plaintiff Mace's car and the wrecker. There may be circumstances under which an individual, in order to be free of negligence, and in the exercise of ordinary care would be required to afford additional warning to oncoming traffic of the fact that there was an obstruction in the lane of travel of the approaching car. Whether or not such facts existed in this case is for you to decide from the evidence and testimony herein."

purpose, the lamps showing to the front shall be located on the same level and as widely spaced laterally as practicable and when in use shall display a white or amber light, or any shade of color between white and amber, visible from a distance of not less than 100 feet to the front in normal sunlight, * * *. When actuated such lamps shall indicate the intended direction of turning * * *.

"(c) No stop lamp or signal lamp or device shall project a glaring light."

I.C. § 49–820:

"Additional lighting equipment. * * *

"(d) Any vehicle may be equipped with lamps which may be used for the purpose of warning the operators of other vehicles of the presence of a vehicular traffic hazard requiring the exercise of unusual care in approaching, overtaking or passing, and when so equipped may display such warning in addition to any other warning signals required by this act. The lamps used to display such warning to the front shall be mounted at the same level and as widely spaced laterally as practicable, and shall display simultaneously flashing white or amber lights, or any shade or color between white and amber. * * * These warning lights shall be visible from a distance of not less than 500 feet under normal atmospheric conditions at night.

" *      *      *      *      *      * "
I.C. § 49–830:

"Authority of commissioner with reference to lighting devices.—(a) The commissioner is hereby authorized to approve or disapprove lighting devices and to issue and enforce regulations establishing standards and specifications for the approval of such lighting devices, * * *.

"(d) The commissioner upon approving any such lamp· or device shall issue to the applicant a certificate of approval together with any instructions determined by him.

"(e) The commissioner shall publish lists of all lamps and devices by name and type which have been approved by him.
" *      *      *      *      *      * "
I.C. § 49–827:

"Special      restrictions      on      lamps.— * * *

"(b) No person shall drive or move any vehicle or equipment upon any highway with any lamp or device thereon displaying a red light visible from directly in front of the center thereof. This section shall not apply to any vehicle upon which a red light visible from the front is expressly authorized or required by this code."

The Idaho Drivers' Handbook, issued by the Department of Law Enforcement of the State of Idaho provides:

"RED LIGHT CANNOT SHOW FROM THE FRONT. A red light which can be seen from the front may be used only on authorized emergency vehicles." (1967 edition)

*See*: Howard v. Missman, 81 Idaho 82, 87, 337 P.2d 592 (1959). I.C. § 49–502 defines "Authorized emergency vehicle" and does not include a wrecker within the terms thereof.

The instructions complained of by appellant stated the correct law insofar as the lights required to be placed upon defendant's vehicle and then advised the jury that nevertheless it could find the defendants negligent in failing to provide additional warnings above and beyond those required by the statute using a reasonable prudent man test therefor.

The instructions of the court when read together fairly and accurately covered the contentions of the plaintiffs and the applicable law. As initially stated all the contentions of the appellant involve the lighting or lack thereof upon defendants' vehicle and are disposed of herein.

The judgment of the trial court is affirmed. Costs to respondents.

McQUADE, C. J., McFADDEN; DONALDSON, JJ., and HAGAN, D. J. concur.