COMMONWEALTH TRUST COMPANY *vs.* JAMES S. COVENEY
& trustee.

JAMES S. COVENEY *vs.* COMMONWEALTH TRUST COMPANY.

Middlesex and Suffolk.    November 10, 1908. — January 5, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Contract*, In writing. *Evidence*, Extrinsic affecting writings. *Bills and Notes.*
*Equity Jurisdiction.*

In equity as well as at law an oral agreement, purporting to control the meaning and legal effect of a contract in writing which is to be made later between the same parties, cannot be enforced to contradict or vary the contract in writing

when it is made, the effect of the writing being to merge and control all previous oral agreements inconsistent with it.

An oral agreement by a trust company to discount notes for a certain person and to renew them from time to time, and to require payment only of such sums as the debtor may realize as profits from the sales of his real estate, cannot be enforced as a defense to an action by the trust company on the notes, either under an answer at law or as an equitable defense under R. L. c. 173, § 28; nor can the debtor maintain an action of contract against the trust company for a breach of its oral agreement in bringing an action to collect the notes in accordance with their terms.

KNOWLTON, C. J.    The first of these actions was brought by the indorsee against the indorser to recover the amount of several promissory notes.    The second is an action brought by this indorser against the holder of these notes, upon an alleged contract made before the making of the notes, in which the defendant, for a valuable consideration, agreed to discount notes for the plaintiff and renew them from time to time, and to require payment only of such sums as the plaintiff should realize as profits from the sales of his real estate.    The first two counts of the declaration in this action allege the making of the contract, performance by the plaintiff, and a breach of it by the defendant in endeavoring to enforce collection of the notes according to their terms instead of postponing the collection until profits are realized by the plaintiff from the sales of real estate.    The third count is more general, alleging the existence of indebtedness from the plaintiff to the defendant, and a contract, for a valuable consideration, to look for the liquidation of the indebtedness only to the profits realized from sales of the plaintiff's real estate, and a breach of the contract by attempting to collect the indebtedness by an action.    As a defense to the first action the defendant sets up in his answer the contract relied on in the second action.    The cases come to this court upon a demurrer to this answer in the first action, and a demurrer to the declaration in the second action.    The principal questions of law are the same in both cases.

In neither case has any question of pleading been argued, but both parties have discussed the cases on the merits, upon the assumption that the contract set up in defense of the first action and declared on in the second action was an oral contract. The counsel of the party relying upon it expressly concedes in

his briefs that it was an oral contract. Without considering any nice questions of construction, we shall, therefore, treat the averments of the pleadings in both cases as showing it to be an oral contract.

The contention of the defendant in the first action is that it was an independent, executory contract, referring to the course of dealing and the conduct of the parties in the future, by which the plaintiff agreed that notes made payable and discounted in the usual way should not be collected when due, but should be renewed from time to time and finally paid only as profits should be derived from sales of real estate sufficient for the purpose. As we understand his contention, it is that such an agreement, as between the original parties, can be availed of as a defense to an action upon the notes, either under an answer at law by way of estoppel to avoid circuity of action, or when pleaded as an equitable defense under the R. L. c. 173, § 28.

If we assume in favor of the defendant, without deciding that such a defense would be sustained if the contract were in writing, the law is different when the agreement is oral. An oral agreement of this kind cannot be proved to affect the rights of parties under the notes. The familiar rule that a contemporaneous oral agreement cannot be shown to contradict or vary a written contract applies as well to suits in equity as to actions at law. A previous oral agreement, which purports to change the meaning and legal effect of a written contract subsequently to be made, is governed by the same rule as such an agreement made contemporaneously with the making of the written contract. *Davis* v. *Randall,* 115 Mass. 547. *Spring* v. *Lovett,* 11 Pick. 416. *Hall* v. *First National Bank of Chelsea,* 173 Mass. 16. The effect of the writing is to merge and control all previous oral agreements inconsistent with it. The first of these cases, in the principles involved, is almost identical with *Hall* v. *First National Bank of Chelsea.* The decision in that case settles the rights of the present parties.

The third count in the second declaration purports to apply only to indebtedness existing when the agreement was made, and it states a contract, for a valuable consideration, to look for the liquidation of indebtedness in a particular way, without a suggestion of the renewal of notes or the making of any future

notes. There is nothing to indicate that the facts relied upon in support of this count are different from those referred to in other parts of the pleadings in the two cases. But, standing alone, this count states a good cause of action.

In the first action the entry will be judgment affirmed. In the second action the judgment will be reversed, and the demurrer sustained as to the first and second counts, and overruled as to the third count.

*So ordered.*

*T. Parker*, (*C. B. Southard* with him,) for the Commonwealth Trust Company.

*P. P. Coveney*, for James S. Coveney.