(April 1, 1924.)

# W. H. CRAVEN, Respondent, v. STEFFEN BOS, Appellant.

[225 Pac. 136.]

PLEADING — AMENDMENT — JUDICIAL DISCRETION — ANSWER—VERIFICATION — EFFECT OF WANT OF VERIFICATION — PROMISSORY NOTE — PAROL EVIDENCE RULE—NEGATIVE PREGNANT.

1. The ruling of the trial court on an application to amend a pleading will not be reversed except for abuse of discretion.

2. In all cases where a verified answer is required by C. S., sec. 6703, an unverified answer is insufficient to tender an issue.

3. Parol evidence is inadmissible to vary the plain terms and conditions of a promissory note.

4. Where the complaint in an action on a promissory note alleges that $100 is a reasonable attorney fee, and the answer denies that $100 is a reasonable attorney fee, this is a negative pregnant, and tenders no issue.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. T. Bailey Lee, Judge.

Action on promissory note. Judgment for plaintiff. *Affirmed.*

S. D. Davis, for Appellant.

C. S., sec. 6726, grants the court general power to allow amendment to any pleading, at any time, within its discretion, and our courts have held that great liberality should be shown in allowing amendments to pleadings in the furtherance of justice between the parties. (*Kroetch v. Empire Mill Co.,* 9 Ida. 277, 74 Pac. 868; *Dunbar v. Griffith,* 14 Ida. 120, 93 Pac. 654; *Mode v. Myers,* 30 Ida. 159, 164 Pac. 91; *Havelick v. Davidson,* 15 Ida. 787, 100 Pac. 91, and cases cited.)

Publisher's Note.

Rule that parol evidence is not admissible to vary, add to or alter the terms of a written instrument, see note in 128 Am. St. 611; 17 L. R. A. 270.

In cases of a trial by the court without a jury amendments after the cause has been presented to the court have been frequently allowed. (*Andruss v. Smith,* 133 Cal. 78, 65 Pac. 320; *Myers v. Holton,* 9 Cal. App. 114, 98 Pac. 197; *Hale v. Skinner,* 33 Mo. 452; *Gartlan v. A. C. Hooper & Co.,* 177 Cal. 414, 170 Pac. 1115; *Valencia v. Couch,* 32 Cal. 339, 91 Am. Dec. 589.)

Bothwell & Chapman, for Respondent.

"Leave to amend will not be granted, if the motion is made after argument heard and concluded or the court has announced its opinion." (31 Cyc. 403; *Gordon v. Foundation Co.,* 25 Ga. App. 309, 103 S. E. 269.)

"The court on appeal will not interfere with rulings on amendments to pleadings, unless there has been an abuse of discretion." (*Lake Erie & W. R. Co. v. Huffman,* 177 Ind. 126, Ann. Cas. 1914C, 1272, 97 N. E. 434; *Baxter v. Baxter,* 46 Ind. App. 514, 92 N. E. 881; *St. Francis Land & Abstract Co. v. Rathburn,* 84 Kan. 664, 114 Pac. 862.)

"Denial of leave to amend a reply after cause has been submitted, held not an abuse of discretion, where plaintiff had prior opportunity to plead the new matter and showed no excuse for failure to do so." (*Gurule v. Duran,* 20 N. M. 348, 149 Pac. 302, L. R. A. 1915F, 648; *Cauley v. Dunn,* 167 N. C. 32, 83 S. E. 16; *St. Paul Fire & Marine Ins. Co. v. Cronin* (Tex Civ.), 131 S. W. 649; *Thornton v. Goodman* (Tex. Civ.), 185 S. W. 926; *McMahon v. Plumb,* 90 Conn. 281, 96 Atl. 958; *Pacific Co. v. Cronan,* 82 Or. 388, 161 Pac. 692; *City of Pikeville v. Dils,* 175 Ky. 697, 194 S. W. 918; *Sovereign Camp W. O. W. v. Dennis,* 205 Ala. 316, 87 So. 616.)

The terms of the note in suit cannot be varied by the allegation or parol evidence of a contemporaneous agreement. (*Dulaney v. Burke,* 2 Ida. 686, 23 Pac. 915; *Stein v. Fogarty,* 4 Ida. 702, 43 Pac. 681; *Bross v. Stancliff,* 211 Mo. App. 342, 240 S. W. 1091; *Simonton v. Shaw,* 246 Fed. 683; *First Nat. Bank v. Staab,* 102 Kan. 369, 171 Pac. 3; *Hensley v. Mitchell,* 147 Ill. App. 161; *Chapman v. Chapman,* 132 Iowa, 5, 109 N. W. 300.)

"An unconditional written promise to pay a certain sum at a fixed time cannot be defeated by parol evidence of a prior oral agreement that the obligation was to be paid out of the business in which the money for which it was given was to be used." (*Van Fossan v. Gibbs,* 91 Kan. 866, 139 Pac. 174; *Farmers' Bank v. Wickliffe,* 131 Ky. 787, 116 S. W. 249; *Stewart v. Gardner,* 152 Ky. 120, 153 S. W. 3; *Eckles & Sons Ice Mfg. Co. v. Cornell Economizer Co.,* 119 Md. 107, 86 Atl. 38; *Commonwealth Trust Co. v. Coveney,* 200 Mass. 379, 86 N. E. 895; *Neal v. Wilson,* 213 Mass. 336, 100 N. E. 544; *Clare County Savings Bank v. Featherly,* 173 Mich. 292, 139 N. W. 61.)

McCARTHY, C. J.—This is an action on a promissory note for $500 which the complaint alleges appellant executed and delivered to the Holland Realty & Investment Co. and that company indorsed to respondent. It further alleges that respondent is the lawful owner and holder of the note; that $100 is a reasonable attorney's fee; and that the principal of $500 and $230 interest are due and unpaid. Respondent prays for judgment for the $500 principal, $230 interest and $100 attorney fee. The complaint is duly verified. By an unverified answer appellant seeks to deny the execution and indorsement of the note and that any amount is due and owing. Later, in an affirmative defense, he sets up that he gave the note either to the company or to respondent in payment for an interest in the business of the company, and that respondent, who was a director, agreed with him that he could pay $960 cash for such interest and give his notes for $1,000, payment of which would not be required of him until he had received sufficient profits from his interest in the concern to pay the same; that he paid the $960 cash and gave his note on this understanding. In this affirmative defense appellant also tries to set up the defense of failure of consideration. Respondent made a motion for judgment on the pleadings, and the court indicated that it would sustain the motion. Thereupon counsel for appellant asked permission to file an amended

answer to which respondent objected. The court sustained the objection to the filing of an amended answer and granted the motion for judgment on the pleadings, entering judgment for respondent as prayed for. From this judgment an appeal is taken, the specifications of error being that the court erred (1) in refusing to allow appellant to file an amended answer and (2) in granting judgment on the pleadings.

Appellant was not entitled to amend his pleading as of course. (C. S., sec. 6725.) The motion for permission to amend was addressed to the discretion of the trial court, and its order will not be reversed unless it is shown that it abused its discretion. (C. S., sec. 6726.) The proposed amendment tendered by appellant is not in the record. The question would depend to some extent upon the nature and scope of the amendment proposed. Not having it before us we are certainly not in position to say that the lower court abused its discretion.

"Every pleading must be subscribed by the party or his attorney, and, when the complaint is verified, or when the state or any officer of the state, in his official capacity, is plaintiff, the answer must be verified unless an admission of the truth of the complaint might subject the party to a criminal prosecution, or unless an officer of the state in his official capacity is defendant. . . . . (C. S., sec. 6703.)

The transcript shows that the complaint was verified and that the answer was unverified. It was therefore insufficient under the statute above quoted. Aside from this it is defective in other particulars. C. S., sec. 6704, provides that the genuineness and due execution of an instrument, a copy of which is contained in the complaint, are admitted unless the answer be verified. Under this provision the attempt to deny the genuineness and due execution of the note by an unverified answer must fail. Furthermore the attempted denial is contradicted by the allegations of the affirmative answer.

There are no allegations in the answer sufficient to state a defense on the ground of fraud. The allegations in regard

to the alleged oral agreement do not state a defense. Parol evidence is inadmissible to vary the plain terms and conditions of a promissory note. (*International Harvester Co. v. Beverland,* 37 Ida. 782, 219 Pac. 201, and cases there cited. See, also, *Commonwealth Trust Co. v. Coveney,* 200 Mass. 379, 86 N. E. 895; *Neal v. Wilson,* 213 Mass. 336, 100 N. E. 544; *Louis Eckels & Sons Ice Mfg. Co. v. Cornell Economizer Co.,* 119 Md. 107, 86 Atl. 38; *Farmers' Bank v. Wickliffe,* 131 Ky. 787, 116 S. W. 249; *Stewart v. Gardner,* 152 Ky. 120, 153 S. W. 3; *Van Fossan v. Gibbs,* 91 Kan. 866, 139 Pac. 174.) Under these authorities the allegations in regard to the parol agreement that the note should be paid only out of profits which appellant might derive from the business would not constitute a defense.

The answer denies the allegation of the complaint that $100 is a reasonable attorney's fee. Aside from the fact that the answer is not verified, this constitutes a negative pregnant.

. The result is that the answer stated no defense and the court rightly granted the motion for judgment on the pleadings. The judgment is affirmed, with costs to respondent.

Budge and Wm. E. Lee, JJ., concur.