## ROSENBERGER v L'ARCHER

Ohio Appeals, 1st Dist, Hamilton Co.

No. 4953. Decided Jan. 27, 1936

August H. Rendigs, Jr., and Wm. H. Fry, Cincinnati, for plaintiff in error.

R. E. Simmonds, Jr., and Wm. S. Schwartz, Cincinnati, for defendant in error.

## OPINION

By MATTHEWS, J.

This is an action by an employee of an employer, who had complied with the Workmen's Compensation Act, to recover damages on account of personal injuries and, also, for damages to clothing, against the manager of their common employer's business, through whose alleged wanton negligence such injury and damage were caused.

The only defense which we need to consider is that the plaintiff had previously applied for and accepted compensation under the Workmen's Compensation Act for this injury on the ground that her injuries had occurred in the course of her employment from a cause that arose out of the employment. The plaintiff and the defendant at the time the plaintiff was injured were proceeding along a public highway in Indiana in their employer's automobile on their way to open a store for their employer in Ft. Wayne. To avoid striking another automobile the defendant applied the brakes, which resulted in the overturning of the automobile in which they were riding, by reason of which the plaintiff was injured. There is no doubt, therefore, that the Industrial Commission was entirely justified in finding that the plaintiff's injuries were received in the course, and arose out of her employment, and awarding her compensation therefor.

It was admitted that the defense is good and that it was proven unless the allegation of wanton negligence on the part of the defendant renders inapplicable the law as stated in the syllabus of the case of **Landrum v Middaugh, 117 Oh St 608.** That syllabus is:

"An employee who has applied for and accepted compensation for an injury received in the course of his employment through the negligent act of his foreman, performed in the regular course of such foreman's employment while both the employee and his foreman were working for an employer who had complied with the provisions of the Workmen's Compensation Act, can not thereafter maintain an action against his foreman to recover damages for his injury."

The **Constitution of the State of Ohio in Sec. 35 of Art. II** authorizes the legislature to pass laws providing for compensation to employees, and that "Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational diseases, and any employer who pays the premium or compensation provided by law passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease."

This constitutional provision, it was held in **Mabley & Carew Co. v Lee, etc., 129 Oh St 69, at 75, 1 OO 366,** "Wipes out the 'open liability'—giving recourse only to the compensation law for injuries or death arising out of and in course of employment." Accordingly, the court held in that case that no action could be maintained against a complying employer by a minor employee for physicial exhaustion and nervous breakdown, notwithstanding the employer violated the statute, (§12996, GC) prescribing maximum hours of work.

It is clear that the plaintiff would have no cause of action against her employer. It is protected against liability by the constitutional provision. This exemption would have existed had the employer been a natural person and had been driving the automobile personally at the time it overturned. The test of the exemption of the employer

for his personal act injuring his employee is whether the injury was received in the course of and arose out of the employment. It is clear that at the time the plaintiff was injured both she and the defendant were pursuing the purposes of the business for which they had been employed, and that injury from riding in the automobile was one of the hazards of her employment. The degree of the negligence could not affect the question of whether the injury resulted from a hazard of the business in which she was engaged.

Landrum v Middaugh, **supra,** holds that the employee, whose act causes the injury or death of a co-employee of a complying employer, is protected from liability to the same extent that his employer is—that the two are merged and are identical within the terms of the constitutional provision. The constitutional mantle that shields the employer also protects the agency or instrumentality through which the employer acts. This is necessary to give effect to the constitutional purpose.

Counsel calls the court's attention to certain language in the opinon in Landrum v Middaugh, **supra,** which they claim qualifies the broad statement of the law as stated in the syllabus. While the syllabus must be read in the light of the facts of the case in order to determine the issue with relation to which the syllabus is stated, we do not understand that the expressions in the opinion of the individual judge in any way controls the syllabus —just the contrary. The syllabus controls the opinion.

Looking at the facts in Landrum v Middaugh, **supra,** we find allegations of acts of negligence that could have been characterized as wanton and reckless with greater justification than anything that appears in this record in which we find no evidence of wilful or wanton negligence. The language of the opinion of the court which, it is claimed, indicates a liability for wanton negligence is:

"That he is not merged with the employer in performing certain acts is evident. If the foreman wilfully, maliciously, or wantonly, in pursuance of his own unlawful purpose, injures a fellow employe, his act is not the act of the employer. But his acts done in lawful furtherance of his employer's business. under express authority of the employer, are the employer's acts. It is upon this theory that the employer is liable for the acts of the foreman done pursuant to and in the course of his employment. **Qui facit per alium facit per se.** The acts which the foreman does in the course of his employment, without malice, wantonness, or wilful intent, he would not do unless expressly authorized and ordered by his employer to do them. Moreover, the employee is under the complete control and direction of his employer in doing such acts."

We think a fair constructon of this language discloses that the judge had in mind a case in which it appeared that the blameworthy employee was acting "in pursuance of his own unlawful purposes" and not in pursuance of the purposes—lawful or unlawful—of his employer. Under such circumstances the employer would not have been liable at common law for the consequences of the employee's act, because he had ceased, for that transaction, to be an employee acting within the scope of his employment; and, under the Workmen's Compensation Act the consequences of such conduct inspired by no purpose relevant to the business could not be said to arise out of the employment. As to such a transaction, the relation of employer and employee would not exist, and it is only to that relation that the Workmen's Compensation law applies. The Constitution would not permit a broader application.

For these reasons, the judgment must be reversed, and, as there is no dispute as to the material facts upon which the

rights of the parties depend, and, as on those admitted facts the plaintiff in error is entitled to final judgment, such a judgment is rendered in his favor.

ROSS, PJ. and HAMILTON, J., concur.