(No. 6021. April 17, 1937.)

THE FEDERAL LAND BANK OF SPOKANE, a Corporation, Respondent, v. EDWARD HAWE and AGNES M. HAWE, Appellants.

[67 Pac. (2d) 283.]

E. G. Elliott and S. D. Fairchild for Appellants.

Richards & Haga for Respondent.

BUDGE, J.—This action, based upon the forfeiture of a contract and seeking to quiet title to certain land, was commenced September 23, 1932. Appellants demurred to the complaint October 22, 1932, the demurrer was overruled November 1, 1932, and on November 14, 1932, appellants answered by a general denial. On December 2, 1932, attorneys for respondent mailed to appellants' attorney a note of issue which was received by said attorney *on the afternoon of December 5, 1932.* Appellants filed an "amended answer and cross-complaint" on December 3, 1932, and on December 5, 1932, the case was set for trial for December 19, 1932. On December 7, 1932, respondent filed a motion to strike the "amended answer and cross-complaint," affidavits were filed supporting and resisting the motion, the motion was argued on December 10th, and the matter taken under advisement and on December 14th, the court entered an order striking said "amended answer and cross-complaint." On December 17, 1932, appellants filed a motion to vacate the setting on the ground the cause was not at issue when set for trial on December 5th and that the case was an action at law and was set for trial by the court without a jury trial having been waived. At the time set for trial, December 19th, appellants' motion to vacate the setting was overruled and over appellants' objection respondent was permitted to amend its complaint by striking certain portions thereof and the case then proceeded to trial. On December 28, 1932, the court made findings of fact, conclusions of law and entered a decree in favor of respondent. This appeal was then taken.

Appellants' assignments of error raise three questions: (1) Whether or not a note of issue had been served upon appellants or their attorney according to law and the rules of the court; (2) whether appellants could as a matter of course file their "amended answer and cross-complaint" after having previously answered; and (3) whether a jury trial should have been allowed.

Appellants contend that this cause was not properly upon the trial calendar for the reason that service by mail of the note of issue was improper under the existing facts.

By Rule V of Rules of the District Court of the Third Judicial District in and for Ada County it is provided, among other things:

"A party desiring to place a cause on this calendar shall file with the clerk and serve upon adverse counsel, on or before the Friday preceding the call, with proof of service thereof, a note of issue in substantially the following form:

" 'You are hereby notified that the above entitled cause is at issue on questions of fact for trial, . . . . and will be called on the next Calendar day.

"Dated ——

Attorney for ————.' "

It is disclosed from the affidavit of appellants' counsel that he did not receive, through the mail or otherwise, the note of issue until the afternoon of the 5th day of December, 1932, and it is further established that the case had been set for trial on the trial calendar on the morning of December 5, 1932, the time of the calendar call. In the affidavit of J. L. Eberle, Esquire, among other things it is stated:

" . . . . that E. G. ELLIOTT, Esq., counsel for said defendants, was in the Court Room *on the day* of the calendar call at which the above entitled cause was set for December 19, 1932; that said E. G. ELLIOTT was *on the date* of said calendar call to-wit, December 5, 1932, advised the setting of the case." (Italics ours.)

It will be observed that it is not stated in said affidavit that E. G. Elliott, Esquire, was present in the courtroom *when this case was called and set for trial,* but only that he was in the courtroom on the day of the calendar call. That he was in the courtroom on the day of the calendar call is not equivalent to a statement that he was present when the cause was set for trial. Likewise that Mr. Elliott was, *on the date* of said calendar call, advised of the setting of the case does not appear to negative lack of notice nor show that he was advised of the setting at the time the case was set. By whom or in just what manner he was advised or at what

time he was advised is not disclosed. In so far as the record discloses appellants' attorney was not advised that the case was to be called until after the setting, the record showing the note of issue was not received until the afternoon of December 5, 1932.

A majority of the court is of the opinion that I. C. A., sec. 12–502, was not intended to, and does not, apply to a person living at or receiving his mail through the same postoffice address as that of the party making the service. In other words, that two lawyers, residing in and contiguous to Boise and receiving their mail through the Boise office, whether by mail box in the postoffice or by free delivery at his residence or his office, or rural delivery, reside, or have their offices, at the same place and not "in different places," within the meaning of the statute above mentioned. It is not contended that service was made under I. C. A., sec. 12–501.

If we are correct in our analysis of the record the cause was improperly set under rule five of the district court, heretofore referred to and we feel justified in concluding that the cause was placed upon the trial calendar and set prematurely.

Coming now to the second assignment of error, the question raised is whether or not appellants could as a matter of course file their "amended answer and cross-complaint," after having previously answered, but within the time within which respondent could have demurred to the answer. The statutory provisions involved appear to be the following:

I. C. A., sec. 5–503:

"*Form of Summons.*—The summons . . . . may be substantially in the following form:

" . . . . You are hereby notified that a complaint has been filed against you in the district court . . . . by the above named plaintiff *and you are hereby directed to appear and plead to the said complaint within twenty days of the service of this summons; . . . .* " (Italics ours.)

I. C. A., sec. 5–618:

"*Demurrer to Answer.*—The plaintiff may, *within the same length of time after service of the answer as the defendant is allowed to answer after service of summons,* demur to the answer of the defendant, or to one or more of the several

defenses or counterclaims set up in the answer." (Italics ours.)

I. C. A., sec. 5–904:

"*Amendments of Course—Demurrer and Answer.*—Any pleading may be amended once by the party of course, and without costs at any time before answer or demurrer filed, or after demurrer and before the trial of the issue of law thereon, by filing the same as amended and serving a copy on the adverse party, who may have ten days thereafter in which to answer or demur to the amended pleading, . . . . "

By the provisions of I. C. A., sec. 5–503, the defendant has twenty days after service of summons within which to demur, answer or otherwise plead, to the complaint. Paraphrasing the provisions of I. C. A., sec. 5–904, as applying to the plaintiff the section would read:

"Any *complaint* may be amended once by the *plaintiff* of course, and without costs at any time before answer or demurrer filed *by the defendant,* or after demurrer *filed by the defendant* and before the trial of the issue of law thereon, . . . . "

It also appears from the provisions of I. C. A., sec. 5–904, that if a demurrer be filed by the defendant to the complaint and the plaintiff thereafter amend the complaint before trial of the issue of law thereon, the defendant "may have ten days thereafter in which to answer or demur to the amended" complaint.

By the provisions of I. C. A., sec. 5–618, the plaintiff may, within the same length of time after service of the answer as the defendant is allowed after service of summons, that is, within twenty days after service of the answer, demur to the answer of the defendant. Again paraphrasing I. C. A., sec. 5–904, as applying to the defendant it would read:

"Any *answer* may be amended once by the *defendant* of course, and without costs at any time before . . . . demurrer filed *by the plaintiff,* or after demurrer *to the answer* and before the trial of the issue of law thereon."

It further would appear that if a demurrer be filed by the plaintiff to the answer and the defendant thereafter amend the answer before trial of the issue thereon, the plaintiff may have ten days thereafter in which to demur to the

amended answer. In other words, it would appear from the foregoing statutes that where a complaint is filed and summons served upon the defendant the defendant has twenty days in which to demur, answer or otherwise plead. It likewise appears from the statutes above cited that the plaintiff has the same length of time that the defendant had, namely twenty days after service of the answer, in which to demur to the answer. If no demurrer to the answer be filed then at the expiration of the twenty days following the serving of the answer the right to file an amendment as of course is not allowed. Defendants' answer was served on November 14, 1932. The time within which plaintiff could demur to defendants' answer, that is, within the same length of time after service of the answer as the defendant is allowed to answer after service of summons, or twenty days after service of the answer, not having expired, the "amended answer and cross-complaint" having been filed on December 3, 1932, or on the nineteenth day, under the provisions of I. C. A., sec. 5-904, defendant could as a matter of course, without costs, and without permission of the court first had and obtained, amend their answer or file the answer as amended. In principle we think the case of *Dunbar v. Griffiths,* 14 Ida. 120, 93 Pac. 654, supports the position taken and that the position is not out of harmony with *Craven v. Bos,* 38 Ida. 722, 225 Pac. 136, and *Farmers & Mechanics' Bank v. Gallaher Investment Co.,* 43 Ida. 496, 253 Pac. 383.

From what has been said it follows that the court erroneously ordered that the amended answer and the cross-complaint be stricken from the files for the reasons appearing in the court's order, to wit: " . . . . it appearing that the time allowed by law for the defendants herein to answer having expired prior to the filing of such amended answer and cross-complaint, and it further appearing that there was no stipulation or consent to the filing of such amended answer or cross-complaint and no application or showing with reference to its filing, . . . . "

As to the last assignment of error, namely whether the court erred in refusing to submit the cause to a jury, it would appear that since the cause must be reversed and remanded for further proceedings as herein indicated, it will be un-

necessary to decide such question as the same may or may not become important, depending upon the issue as finally framed.

The judgment is reversed and the cause remanded for further proceedings. Costs awarded to appellants.

Morgan, C. J., and Holden, Ailshie, and Givens, JJ., concur.