(No. 6494.  December 10, 1937.)

MARGARET SHERMAN, Appellant, v. ALICE WATSON and GEORGE WATSON, Her Husband, WILLIS H. LAING and IVY LAING BROWN, and BERT SCHROEDER and ANNA SCHROEDER, His Wife, Respondents.

[74 Pac. (2d) 181.]

Edward C. Butler, for Appellant.

P. E. Stookey and Leo McCarty, for Respondents.

HOLDEN, J.—June 28, 1928, Ferdinand B. Laing, since deceased, was the owner of the following described property:

Lots One and Two (1 & 2) in Block Thirteen (13) of Lewiston Orchards according to the recorded plat thereof of record in the Recorder's office of said Nez Perce County, Idaho, with the water right appurtenant thereto, and excepting therefrom One acre heretofore conveyed for church purposes.

On that date Laing and respondent George Watson entered into a written contract for the sale and purchase of the property. December 28, 1933, Laing's widow, Martha, and Watson entered into a written escrow agreement modifying the terms of the written contract theretofore entered into by Ferdinand B. Laing and respondent George Watson. Under the terms of the escrow agreement it was placed with and held by the American Bank & Trust Company of Lewiston, Idaho. Following the execution of the escrow agreement, Martha Laing died, leaving as her only heirs at law, Willis H. Laing and Ivy Laing Brown. January 3, 1936, respondents Alice Watson and George Watson, husband and wife, gave appellant a receipt in the following words and figures:

"January 3, 1936.

"Received from Margaret Sherman Five Dollars ($5.00) as payment on Lot 1 and 2 of Block 13 of the Lewiston Orchards, subject to clear title and deed. Sale price ($3,000.00) Three Thousand and no/100 Dollars.

"(Signed) ALICE WATSON
"(Signed) GEORGE WATSON."

Pursuant to such receipt, respondents Alice and George Watson executed and acknowledged a warranty deed, naming appellant as grantee, and submitted such deed to appellant's attorney for his approval, but refused, upon demand, to also submit an abstract of title to the property. January 7, 1936, respondents Willis H. Laing and Ivy Laing Brown, with the consent of respondents Alice Watson and George Watson, withdrew the deed from escrow and presented the same to appellant for approval, it being agreed between P. E. Stookey, attorney for said heirs, and the Watsons, that there was then due such heirs the sum of $1800. Appellant tendered that amount to said heirs, which tender they refused.

January 9, 1936, this suit was commenced and notice of the pendency of the same filed with the recorder of Nez Perce county. January 23, 1936, respondents Willis H. Laing and Ivy Laing Brown executed and delivered a deed conveying the property in question to respondents Bert and Anna Schroeder, with notice to the Schroeders of appellant's alleged contract (the above-quoted receipt dated January 3, 1936) with the Watsons and also appellant's claim to the specific performance thereof.

September 5, 1936, appellant filed a second amended complaint against all of the respondents by which she sought to compel the specific performance of the so-called contract (said receipt), in which appellant alleged the above-stated facts, pleaded the above-quoted receipt, and alleged that the said receipt constituted a written agreement between appellant and respondents Alice and George Watson for the sale and purchase of the property described in such receipt, and that she was ready, able, and willing to perform such contract (said receipt), and to pay the purchase price of the property upon production of an abstract showing clear title to the property. It was further alleged in the second amended complaint that appellant had tendered the purchase price of the property to the Watsons and demanded the delivery of the deed submitted to her attorney for approval, but that the Watsons failed, neglected, and refused to comply with said demand; that all of the interest of the deceased Martha Laing had been duly and regularly distributed by decree of

the probate court of Nez Perce county to her said heirs, Willis H. Laing and Ivy Laing Brown; that appellant had no plain, speedy, or adequate remedy at law; other matters were also alleged not material on this appeal.

November 14, 1936, respondents filed and interposed a general and special demurrer to appellant's second amended complaint. The demurrer was argued November 25, 1936, by counsel for the respective parties. March 9, 1937, the trial court sustained the demurrer upon every ground therein stated and entered an order dismissing the suit. This appeal is from the order of dismissal.

The record presents the question: Has appellant a right to the specific performance of the alleged contract? The general rule is, that to entitle one to specifically enforce a contract in a court of equity, which is wholly executory, the contract must be complete, definite, and certain in all its material terms, and there must be mutuality in the equitable remedy. (Pomeroy's Specific Performance, 3d ed., secs. 145, 159, 162.) This court, in harmony with the general rule, held in *Moody v. Crane,* 34 Ida. 103, 120, 199 Pac. 652, that equity will not decree the specific performance of a contract unless there is mutuality of obligation and remedy, and that, where a contract cannot be enforced against one of the parties, such party cannot enforce it specifically against the other, and in *Childs v. Reed,* 34 Ida. 450, 456, 457, 202 Pac. 685, we held that the element of mutuality must exist from the inception of the contract, without reference to the subsequent ability or willingness of one of the parties to perform.

Turning to the alleged contract we find that appellant did not sign it, that she did not either expressly or impliedly promise to purchase the property, and that it does not appear whether the alleged sale was to be for cash or on time, and, if on time, whether a "down payment" was to be made, with the balance payable in deferred installments, or whether the entire "sale price" was to be paid in installments. Not having obligated herself to purchase the property, specific performance would not lie to compel her. The peculiarly distinctive feature of the equitable doctrine is, that the remedial right to specific performance must be mutual, and, inasmuch

as the vendors could not specifically enforce the alleged contract against the appellant, under the rule (*Moody v. Crane, supra*), she cannot specifically enforce it against them.

It is complained that the trial court erred in sustaining respondents' demurrer to appellant's second amended complaint and in dismissing this suit, without granting appellant leave to amend. It is not error to sustain a demurrer and to dismiss a complaint without granting leave to amend, where, as here, the record fails to show that an application for leave to amend was made either before or after the making of the order sustaining the demurrer. (*Chambers v. McCollum*, 47 Ida. 74, 88, 272 Pac. 707; *Davis v. Rite-Lite Sales Co.*, 8 Cal. (2d) 675, 67 Pac. (2d) 1039; *Myers v. Metropolitan Trust Co. of Cal.*, 22 Cal. App. (2d) 284, 70 Pac. (2d) 992; *Lorber v. Storrow*, 22 Cal. App. (2d) 25, 70 Pac. (2d) 513.)

The alleged contract lacked mutuality of obligation and remedy; therefore, appellant's amended complaint failed to state sufficient facts to entitle her to the equitable remedy of specific performance, from which it follows that respondents' general demurrer was properly sustained, and, no application for leave to amend having been made, it was proper to dismiss the suit.

Judgment affirmed with costs to respondents.

Morgan, C. J., and Ailshie and Budge, JJ., concur.

Givens, J., concurs in the conclusion reached.