262 P.2d 996

SALITAN et al. v. BENSON.

No. 8018.

Supreme Court of Idaho.

Nov. 4, 1953.

Carl M. Buell, St. Maries, Estes & Felton, Moscow, for appellant.

C. J. Hamilton, McNaughton & Sanderson, Coeur d'Alene, for respondents.

PORTER, Chief Justice.

This action was commenced by respondents on August 31, 1950, to recover on three trade acceptances. These trade acceptances were each in the sum of $227.50. They were drawn in favor of Sterling Materials Company, Inc., and accepted by appellant. After they were accepted, they were duly assigned to respondents.

On September 22, 1950, appellant filed a general demurrer to the complaint of respondents. On September 13, 1952, an order was filed overruling the demurrer and giving appellant 15 days within which to file an answer in said action. On September 29, 1952, appellant filed an answer signed by appellant but not signed by an attorney. Such answer was in effect a general denial of the allegations of the complaint.

On March 30, 1953, appellant, by recently employed attorneys, filed a motion for permission to file an amended demurrer or amended answer. On April 14, 1953, such motion came on regularly for hearing, respondents appearing through their attorney, C. J. Hamilton, and appellant not appearing in person or through his attorneys, whereupon the court denied the motion. On the same day, respondents moved that the Clerk of the Court be directed to enter a default against appellant for the reason that appellant

failed to file an answer within the time required by law. Such motion was by the court granted and appellant's default entered. Default judgment was thereupon entered against appellant and in favor of respondents for the amount claimed in the complaint. This judgment is dated April 14, 1953, and was filed April 22, 1953. From such judgment appellant has appealed to this court.

By his assignments of error, appellant contends that the court erred, (1), in overruling the motion of appellant for permission to amend his answer, (2), in entering its order directing the entry of default against appellant, and (3), in entering default judgment against appellant. Respondents have filed an instrument denominated "Confession of Certain Relief to Appellant", wherein they have stipulated and confessed that this court may grant to appellant the following relief on this appeal, to wit: "Reverse and vacate that certain judgment made and entered therein by the trial court together with the default of appellant and the order of the District Court directing entry of said default by the Clerk of said Court."

The only assignment of error contested by respondents is that the court erred in overruling the motion of appellant for permission to amend his answer. Appellant concedes that he was not entitled to amend his answer as of course under Section 5-904, I. C., as there was no demurrer filed to the answer and the motion for permission to amend was not made within the time allowed for filing demurrer. Dunbar v. Griffiths, 14 Idaho 120, 93 P. 654; Federal Land Bank of Spokane v. Hawe, 57 Idaho 624, 67 P.2d 283. Appellant also concedes that it was a matter of discretion on the part of the trial judge as to whether or not permission to file an amended answer should be given in furtherance of justice under Section 5-905, I. C. Appellant contends that the trial court abused its discretion in refusing to grant his motion for permission to file an amended answer.

An examination of the motion discloses the proposed amended answer was not tendered for filing or a copy thereof attached to the motion. The proposed amendment or amendments are not set out in the motion or attached thereto, nor is there any intimation of the nature of the proposed amendments contained in the motion. There was nothing presented to the trial court to invoke its discretion in determining whether in the furtherance of justice the motion should be granted. It follows there is nothing before this court upon which we can determine whether the trial court abused its discretion in refusing to grant the motion to file an amended answer. In Craven v. Bos, 38 Idaho 722, at page 725, 225 P. 136, at page 137, we said:

"Appellant was not entitled to amend his pleading as of course. C. S. § 6725

[5-904, I. C.]. The motion for permission to amend was addressed to the discretion of the trial court, and its order will not be reversed unless it is shown that it abused its discretion. C. S. § 6726 [5-905, I. C.]. The proposed amendment tendered by appellant is not in the record. The question would depend to some extent upon the nature and scope of the amendment proposed. Not having it before us, we are certainly not in position to say that the lower court abused its discretion."

See also, Farmers' & Mechanics' Bank v. Gallaher Inv. Co., 43 Idaho 496, 253 P. 383, and Durant v. Snyder, 65 Idaho 678, 151 P.2d 776. In the absence of some showing as to the nature of the proposed amended answer and the necessity for filing same, the trial court did not err in overruling appellant's motion.

The judgment will be reversed and the cause remanded with direction to the trial court to set aside the default judgment, the order directing entry of default by the clerk and the entry of the clerk's default, and to proceed further in said cause in the premises. Costs awarded to appellant.

GIVENS, TAYLOR, THOMAS and KEETON, JJ., concur.