274 P.2d 990

**Harold E. FRENCH, Plaintiff-Appellant,**

**v.**

**J. A. TERTELING & SONS, Inc., Defendant-Respondent.**

No. 8132.

Supreme Court of Idaho.

Oct. 7, 1954.

A. A. Merrill, Idaho Falls, for appellant.

Elam & Burke, Boise, for respondent.

PORTER, Chief Justice.

Appellant brought this action to recover damages for injuries sustained in an accident alleged to have been caused by the negligence of respondent. A demurrer to the complaint was sustained and a judgment of dismissal entered. From such judgment appeal has been taken to this court.

That part of the complaint necessary for our consideration in determining the questions raised on this appeal reads as follows:

"1.

"That at all times herein mentioned the defendant, J. A. Terteling & Sons, Inc. was and is a corporation and is doing a general construction business in Bonneville County, Idaho, on the Palisades Dam.

"2.

"That at all times herein mentioned the plaintiff herein was working as a 'Jack-Hammer Operator' on said Palisades Dam for Jones & Tompkins, contractors.

"3.

"That on September 15, 1953, and while the plaintiff was so working as a 'Jack-Hammer Operator,' he was transferred by Jones & Tompkins from the original job he had been doing to work for the defendant corporation.

"4.

"That the defendant corporation instructed plaintiff to do certain 'Jack-Hammer' work for it in solid rock.

"5.

"That as the plaintiff started to drill in the rock for the defendant corporation, he struck certain dynamine that had negligently and carelessly been previously left there by the defendant corporation, causing a terrific explosion and injuring the plaintiff as hereinafter set forth."

The demurrer to the complaint sets out the following grounds:

"That said complaint does not state facts sufficient to constitute a cause of action against said defendant.

"That the above entitled court is without jurisdiction in said matter by reason of the affirmative allegations in said complaint alleging the existence of an employer-employee relationship between plaintiff and defendant, by reason whereof any claim or demand that said plaintiff has, or might have in the premises, is exclusively within the jurisdiction of the Industrial Accident Board of the State of Idaho."

The facts alleged in the complaint show that as a matter of law appellant was at the time the accident occurred the servant of defendant under the "loaned servant" doctrine. Such facts show the work being performed was the work of respondent and that respondent had full power to exercise and was exercising direction and control of appellant in the performance of such work. The fact that respondent may or may not have paid or been obligated to pay for such services directly to appellant is not decisive.

In Pinson v. Minidoka Highway District, 61 Idaho 731, 106 P.2d 1020, 1022, the United States Reclamation Service furnished a jack-hammer and an operator to the Minidoka Highway District to work for it under the direction of the engineer of such district. The operator being injured, a claim for compensation filed against the highway district was contested on the ground that the workman was not an employee of the highway district because he was hired and paid by the United States Reclamation Service. This court said:

"* * * there is a well established rule to the effect that the question of the identity of the person who pays compensation is not controlling, and is not a circumstance which is decisive or determinative of the question whether a person to whom an employee is lent becomes his employer. * * *. The general test is the *right* to control and direct the activities of the employee, or the power to control the details of the work to be performed and to determine how it shall be done, and whether it shall stop or continue, that gives rise to the relationship of employer and employee, and where the employee comes

under the direction and control of the person to whom his services have been furnished, the latter becomes his temporary employer, and liable for compensation."

In the Pinson case the court quotes with approval from Standard Oil Co. v. Anderson, 212 U.S. 215, 29 S.Ct. 252, 254, 53 L.Ed. 480, as follows:

"'It sometimes happens that one wishes a certain work to be done for his benefit, and neither has persons in his employ who can do it nor is willing to take such persons into his general service. He may then enter into an agreement with another. If the other furnishes him with men to do the work, and places them under his exclusive control in the performance of it, those men become pro hac vice the servants of him to whom they are furnished. * * * To determine whether a given case falls within the one class or the other we must inquire whose is the work being performed,—a question which is usually answered by ascertaining who has the power to control and direct the servants in the performance of their work.'"

The tests to be applied in determining whether the relationship of employer and employee exists are considered in Laub v. Meyer, Inc., 70 Idaho 224, 214 P.2d 884, and Ohm v. J. R. Simplot Co., 70 Idaho 318, 216 P.2d 952. For discussion of the "loaned servant" rule, see Nissula v. Southern Idaho Timber Protective Ass'n, 73 Idaho 37, 245 P.2d 400, and Brown v. Arrington Const. Co., 74 Idaho 338, 262 P.2d 789.

The relationship of employer and employee being established, the rights and remedies of the employee injured in the course of his employment are exclusively provided for by the Workmen's Compensation Law. The common law action against the employer for negligence is abrogated. Jurisdiction over the employer-employee relationship is vested in the Industrial Accident Board. Title 72, Idaho Code; Lebak v. Nelson, 62 Idaho 96, 107 P.2d 1054; Gifford v. Nottingham, 68 Idaho 330, 193 P.2d 831; Brown v. Arrington Const. Co., supra; Cook v. Massey, 38 Idaho 264, 220 P. 1088, 35 A.L.R. 200; Olson v. Union Pac. R. Co., 62 Idaho 423, 112 P.2d 1005.

The trial court did not err in holding the complaint showed on its face that the remedy of appellant, if any, was to seek compensation before the Industrial Accident Board, and that the trial court had no jurisdiction to entertain the cause.

Appellant filed a motion for an order setting aside the judgment of dismissal on the ground that plaintiff was not afforded the right to amend his complaint. With such motion appellant filed an amended complaint. The motion was by the court overruled. No appeal has been taken from the order overruling such motion and such order of the court is not properly before us for review.

However, appellant urges that he was entitled to amend his complaint once as a matter of course. The demurrer having been argued and submitted to the court and ruling made thereon, the provision of the statute providing for the amendment of a pleading once as a matter of course, was no longer applicable. Sec. R 5-904, I.C. Amendment thereafter could only be made by leave of court. Sec. R 5-905, I.C.

An examination of the amended complaint which appears in the record shows that it is open to the same objections as the original complaint. The only difference appearing is that in addition to the facts alleged in the original complaint, appellant alleges the mere conclusion that at the time of the accident he was an employee of Jones & Tompkins and was not an employee of respondent.

Appellant did not ask leave to amend his complaint either before or after the ruling on the demurrer. The complaint shows on its face that its fatal defect could not be cured by amendment. The court did not err in dismissing the action without granting leave to amend. Chambers v. McCollum, 47 Idaho 74, 272 P. 707; Sherman v. Watson, 58 Idaho 451, 74 P.2d 181; Harrison v. Board of County Com'rs, 68 Idaho 463, 198 P.2d 1013; Gough v. Tribune-Journal Co., 73 Idaho 173, 249 P.2d 192.

The judgment of dismissal is affirmed. Costs to respondent.

GIVENS, TAYLOR and THOMAS, JJ., concur.

KEETON, J., concurs in the conclusion reached.