291 P.2d 843

Ray WHITE, Plaintiff-Respondent,

v.

Donald PONOZZO and Lester Ponozzo, doing business as a copartnership under the name and style of Ponozzo Brothers, and Jerry Dykes, Defendants-Appellants.

No. 8290.

Supreme Court of Idaho.

Dec. 13, 1955.

Paul C. Keeton, Lewiston, for respondent.

Cox, Ware & Stellmon, Lewiston, for appellants.

278

TAYLOR, Chief Justice.

In 1953, plaintiff (respondent) was employed by the defendants (appellants) Ponozzo Brothers, logging contractors, to haul logs from the woods in the Canyon Creek area to the Newman Lumber Company mill in Orofino, a distance of 18 to 19 miles. Pursuant to the contract of employment, the plaintiff furnished his own truck and the gas, oil, maintenance and repair necessary to keep it in operation. For such services he was paid at the scale rate of $10 per thousand feet of lumber in the logs hauled. Out of this amount, $1.80 per hour was deducted and paid to plaintiff as wages. The balance of the $10 per thousand was paid to him for equipment hire. Time sheets in evidence show that plaintiff and the driver who succeeded him had been paid on the basis of an eight hour day.

On July 10, 1953, plaintiff had delivered one load and was returning toward the mill, along a county road, with his second load, when a transmission bearing in his truck failed. He parked the loaded truck by the side of the road, obtained a ride into Orofino, procured some tools and went back to the truck. Being unable to make the repairs that evening with the tools at hand, he returned to Orofino. The next morning, July 11th, he borrowed a jeep from the lumber company and, carrying therein tools and parts needed, started back to the parked truck. On his way he suffered injury in a collision with a truck owned by his employers, Ponozzo Brothers. The truck was being driven by defendant (appellant) Dykes, also an employee of Ponozzo Brothers, and who was also bringing in a load of logs for the common employer.

The action is based upon alleged negligence of Dykes. In their answer the defendants allege that at the time of his injury the plaintiff was an employee of the defendants, Ponozzo Brothers, and was acting in the course and scope of his employment; that Dykes was a co-employee; that plaintiff's employment was covered by the Workmen's Compensation Law, I.C. § 72–101 et seq.; and that this action is barred by that law.

Upon the trial, the court instructed the jury that the evidence relative to the employer-employee relationship, being practically undisputed and without material conflict, the question as to whether the injury arose out of and in the course of the em-

ployment, is a question of law for the court, and that the court had determined from such evidence that the accident did not arise out of, or in the course of, plaintiff's employment and, therefore, did not come within the provisions of the Workmen's Compensation Law. The jury returned its verdict in favor of plaintiff. The defendants bring this appeal from the judgment entered thereon.

Appellants make numerous assignments of error. However, we will discuss only the issues, which are conclusive of this appeal.

As we understand, respondent does not contend that he was not at the time an employee of Ponozzo Brothers. His contention is that on July 11, 1953, while engaged in activity looking to the repair of his truck, he was working for himself because his contract required him to maintain his own truck at his own expense; and, therefore, in preparing to make, and in making, such repairs he was not acting in the course of his employment. This also appears to be the conclusion reached by the trial court.

The conclusion is erroneous. Respondent was paid for the use of his truck. The gas, oil and repairs necessary to maintain it in operation were within the contemplation of the parties in fixing the amount of remuneration for its service, so it may be said the reasonable cost of ordinary repairs were indirectly paid by the employer. That such repairs were contemplated by the parties as an incident to the

employment is evidenced by the fact that it was specifically agreed respondent should repair his truck at his own expense. The truck became disabled while on the job, and on-the-job repair became necessary. Under such circumstances respondent's activity in going to the truck to make such repairs was an incident of his employment, and his injury while so engaged was compensable under the Workmen's Compensation Law. In re MacKenzie, 54 Idaho 481, 33 P.2d 113; Smith v. University of Idaho, 67 Idaho 22, 170 P.2d 404; Roberts v. Dredge Fund, 71 Idaho 380, 232 P.2d 975.

Moreover, respondent's employment required him to travel to Orofino and back to the truck for tools and parts necessary to make the repair. The trip may have been made on his own time and at his own expense, and in part for his own benefit, but being required by his employment, and being in part at least for the benefit of his employer, that is, to get the logs on the truck to the mill, it was made in the course of his employment. The accident occurring while he was making such trip, therefore arose out of and in the course of his employment. England v. Fairview School Dist. No. 16, 58 Idaho 633, 77 P.2d 655; In re Christie, 59 Idaho 58, 81 P.2d 65; Wineland v. Taylor, 59 Idaho 401, 83 P.2d 988; Parker v. Twin Falls County, 62 Idaho 291, 111 P.2d 865; Stover v. Washington County, 63 Idaho 145, 118 P.2d 63; Smith v. University of Idaho, 67 Idaho 22, 170 P.2d 404. Respondent cites Neale v. Weaver, 60 Idaho 41, 88 P.2d 522; In re Croxen, 69

Idaho 391, 207 P.2d 537, and Eriksen v. Nez Perce County, 72 Idaho 1, 235 P.2d 736. These cases are not in point. In each this court held that the employee at the time of the injury was engaged in activity neither in furtherance of his employment, nor incident thereto.

■ Except as to the right of action against a third party, saved by the compensation law, § 72–204, I.C., the remedy provided by that law is exclusive in all cases covered thereby. §§ 72–202, 72–203, I.C.; French v. J. A. Terteling & Sons, Inc., 75 Idaho 480, 274 P.2d 990; Lockard v. St. Maries Lumber Co., 76 Idaho 506, 285 P.2d 473.

■ The defendant, Dykes, being a co-employee of the plaintiff, is also exempt from liability by the Workmen's Compensation Law. As an employee acting within the scope of his employment, he was the agent of the employer. His acts and conduct became the acts and conduct of the employer, and the exemption from damages at law extended to the employer by the Workmen's Compensation Law is also by that act extended to co-employees through whom the employer acts. Thus, the co-employee becomes merged in the employer and is not a third person, within the meaning of the compensation law, against whom a damage action may be maintained. § 72–204, I.C.; Gifford v. Nottingham, 68 Idaho 330, at pages 339 and 340, 193 P.2d 831; Peet v. Mills, 76 Wash. 437, 136 P. 685, L.R.A.1916A, 358, Ann.Cas.1915D, 154; Kowcun v. Bybee, 182 Or. 271, 186 P.2d

790; Decker v. New York Life Ins. Co., 97 Utah 453, 93 P.2d 689; Koch v. Telluride Power Co., 116 Utah 237, 209 P.2d 241; Atkinson v. Fairview Dairy Farms, 190 Or. 1, 222 P.2d 732; Lessley v. Kansas Power & Light Co., 171 Kan. 197, 231 P.2d 239; Primm v. Kansas Power & Light Co., 173 Kan. 443, 249 P.2d 647; Behan v. Maleady, 249 App.Div. 912, 292 N.Y.S. 540; Puccio v. Carr, 177 Misc. 706, 31 N.Y.S.2d 805; Bresnahan v. Barre, 286 Mass. 593, 190 N.E. 815; Landrum v. Middaugh, 117 Ohio St. 608, 160 N.E. 691; Caira v. Caira, 296 Mass. 448, 6 N.E.2d 431; Pimental v. John E. Cox Co., 299 Mass. 579, 13 N.E.2d 441; Carlson v. Dowgielewicz, 304 Mass. 560, 24 N.E.2d 538; Rosenberger v. L'Archer, Ohio App., 31 N.E.2d 700; Murphy v. Miettinen, 317 Mass. 633, 59 N.E.2d 252; Thomas v. Fritz, 318 Mass. 622, 63 N.E.2d 357; Wechsler v. Liner, 328 Mass. 152, 102 N.E.2d 92; Warner v. Leder, 234 N.C. 727, 69 S.E.2d 6; Phillips v. Brinkley, 194 Va. 62, 72 S.E.2d 339; Nolan v. Daley, 222 S.C. 407, 73 S.E.2d 449; Feitig v. Chalkley, 185 Va. 96, 38 S.E.2d 73. Cf. French v. J. A. Terteling & Sons, Inc., 75 Idaho 480, 274 P.2d 990.

■■ Appellants contend that by claiming benefits under the Workmen's Compensation Law, before bringing this action, respondent had made an election of remedies and is bound thereby. In case of a third-party tort-feasor both remedies are available to the employee, with right of subrogation in the employer, and no election can be required. § 72–204, I.C.; Department of

Finance v. Union Pac. R. Co., 61 Idaho 484, 104 P.2d 1110; Lebak v. Nelson, 62 Idaho 96, 107 P.2d 1054; Lake v. State, 71 Idaho 107, 227 P.2d 361. Here the action is against the employer and a co-employee based on a compensable injury. In such case, compensation being the exclusive remedy, no election is possible.

The judgment is reversed with directions to the trial court to dismiss the action.

Costs to appellants.

PORTER, ANDERSON, and SMITH, JJ., and SPEAR, D. J., concur.