326 P.2d 994

**Reynold MARKSTALLER, Plaintiff-Appellant,**

**v.**

**Arnold MARKSTALLER and Irma Markstaller, husband and wife, Defendants-Respondents.**

No. 8595.

Supreme Court of Idaho.

June 18, 1958.

Sidney E. Smith, Coeur d'Alene, J. M. O'Donnell, Moscow, for appellant.

Weldon Schimke, Moscow, for respondents.

SMITH, Justice.

Respondent Arnold Markstaller hereinafter is designated as respondent.

Appellant has appealed from a judgment of dismissal which resulted when the trial court sustained respondents' demurrer to appellant's complaint without leave to amend. Relevant alleged facts are hereinafter related.

December 30, 1955, appellant filed his complaint. He alleges the formation of a partnership about December 30, 1947, between himself and respondent under the name of "City Sanitary Service"; that said business was and is conducted pursuant to the terms of a contract with the City of Moscow whereby appellant and respondent, for considerations therein recited, contracted the disposal of the city's garbage and rubbish, a copy of the contract being appended to the complaint; that since about September 1, 1950, respondent has managed the business and has refused to account to appellant. Appellant prays for dissolution of the partnership and for an accounting.

Respondent demurred to the complaint, both generally and specially. The trial judge, October 3, 1956, rendered a memorandum opinion sustaining the demurrer without designating the grounds or indicating whether appellant be granted leave to amend.

February 28, 1957, respondent moved the trial court for judgment sustaining the demurrer and dismissing the action with prejudice.

March, 30, 1957, appellant moved the trial court for leave to amend his complaint for the reasons "that plaintiff has not hereto-

fore amended said complaint and in the furtherance of justice should be permitted to amend at least once in order to state a cause of action against the defendants."

April 1, 1957, the entire matter was heard by the court on arguments presented by counsel.

June 20, 1957, the court entered its order reciting that "defendants' demurrer to plaintiff's complaint and motion for the dismissal of this action and plaintiff's motion to amend pleadings, all having been regularly heard and submitted to the court * * *;" then follows the orders contained in said "Order": (1) that defendants' demurrer be sustained on grounds that plaintiff's cause of action has been barred by either the 4-year statute of limitations [I.C., sec. 5–217, action on an oral contract] or the 5-year statute of limitations [I.C., sec. 5–216, action on a written contract]; (2) that the action be dismissed on the ground that the complaint cannot be amended to state a cause of action not barred by a statute of limitations; and (3) that plaintiff's motion to amend the complaint be denied.

Plaintiff has perfected an appeal from the aforesaid "Order". While he asserts that the complaint states a cause of action, he also asserts his right to amend.

Since the appeal from the "Order" includes an appeal from the order denying appellant's motion to amend, settlement of the issues presented by such appeal will afford proper disposition of the matter.

The demurrer was argued and submitted and the trial court ruled thereon, which rendered inapplicable the statutory provision allowing amendment of a pleading once of course. I.C., sec. R5–904. Amendment thereafter could be made only by leave of court. I.C., sec. R5–905; French v. J. A. Terteling & Sons, Inc., 75 Idaho 480, 274 P.2d 990.

Respondent contends that appellant should have tendered a proposed amended complaint thereby to disclose whether he could state a cause of action not barred by the statute of limitations, citing Craven v. Bos, 38 Idaho 722, 225 P. 136; Gough v. Tribune-Journal Co., 73 Idaho 173, 249 P. 2d 192; Salitan v. Benson, 74 Idaho 379, 262 P.2d 996; Rule 74, Uniform Rules of District Courts.

Respondent's contention is inapplicable simply because the record fails to show any right recognized or opportunity accorded appellant to amend after the hearing of April 1, 1957. The trial court's minute entry of that date recites that the court informed counsel that its ruling would be made by mail. Next, appears the court's "Order" of June 20, 1957, constituting the judgment of dismissal.

The trial court in its "Order" dismissing the action sets forth the reason for sustaining the demurrer, "that the complaint cannot be amended to state a cause of action not barred by the statute of limitations." If such reason be correct, then observance of

Rule 85 of Uniform Rules of District Courts was unnecessary, which rule requires the prevailing party to prepare the requisite instruments, serve them on adverse counsel and lodge them with the court, the adverse party then to have five days within which to prepare, serve, and lodge with the court, written objections, including requests for *amendments*. If, however, the trial court's reason is incorrect, then under the related circumstances the court must be deemed to have inadvertently abused his discretion in the premises. The question thus presented is whether the complaint is capable of being amended to state a cause of action.

Respondents' demurrer asserting applicability of the statute of limitations was directed mainly to paragraphs IV and V of plaintiff's complaint, reading as follows:

"IV

"That since on or about the 1st day of September, 1950, the defendant Arnold Markstaller has managed the said partnership business and that he has had exclusive possession of the partnership books, records and personal property and ever since has prevented the plaintiff from having access to the same or from participating in any manner in the partnership business.

"V

"That since on or about the 1st day of September, 1950, defendant Arnold Markstaller has managed the business but has refused to account to the plaintiff for the receipts and expenditures of the partnership business or of the sums of money from the receipts and profits of the partnership business, exceeding the proportion thereof to which he was entitled, which defendant Arnold Markstaller has applied to his own use; that plaintiff has often requested and demanded of the defendant Arnold Markstaller that such an accounting be had but that defendant Arnold Markstaller has refused, and continues to refuse, to make such an accounting."

The question whether the complaint may be amended to state a cause of action not barred by the statute of limitations must be regarded in the light of the pleaded written contract of December 30, 1947, with the City of Moscow, whereby appellant and respondents contracted disposal of the city's garbage and rubbish. The contract, running in favor of both respondent and appellant conjunctively as second parties, is alleged as the basis of the partnership conducted under the name and style of City Sanitary Service. The complaint further alleges that the business "is being presently conducted," under the terms of such contract and that the partnership business carried on by appellant and respondent under the business name, "City Sanitary Serv-

ice has ever since [December 30, 1947] continued and now continues."

■ In addition to those allegations an amendment to the effect that respondent partner ever since on or about September 1, 1950, has continued and now continues the partnership and fulfills the obligations of the parnership, even though he has prevented appellant partner from active participation therein, not only would appear entirely proper, but the complaint, alleging those additional facts, to be considered in conjunction with the remaining material facts alleged, would clearly state facts sufficient to constitute a cause of action not barred by the statute of limitations.

We do not rule by the aforesaid observation on the question whether the complaint presently states a cause of action; nor do we intend our observation in anywise to limit an amendment to the complaint. We hold only that the complaint is capable of being amended to state facts sufficient to constitute a cause of action.

Under the circumstances shown in this case, error was committed by the trial court in sustaining the demurrer and in dismissing the complaint without granting leave to amend; particularly, since the record shows appellant's application for leave to amend was made before the order sustaining the demurrer. This rule is recognized, although in instances stated in the converse in Chambers v. McCollum, 47 Idaho 74, 272 P. 707; Sherman v. Watson, 58 Idaho 451, 74 P.2d 181; Richeson v. Kessler, 73 Idaho 548, 255 P.2d 707, and French v. J. A. Terteling & Sons, Inc., 75 Idaho 480, 274 P.2d 990.

■ Great liberality should be exercised in permitting amendments to pleadings in furtherance of justice between the parties. I.C., secs. R5–904, R5–905; Petty v. Petty, 66 Idaho 717, 168 P.2d 818, 164 A.L.R. 520; Gough v. Tribune-Journal Co., 73 Idaho 173, 249 P.2d 192; Cooper v. Wesco Builders, 76 Idaho 278, 281 P.2d 669; Hall v. Boise Payette Lbr. Co., 63 Idaho 686, 125 P.2d 311.

■ An application to amend a pleading is directed to the sound discretion of the court. I.C., sec. R5–905; Radermacher v. Eckert, 63 Idaho 531, 123 P.2d 426; General Hospital v. City of Grangeville, 69 Idaho 6, 201 P.2d 750; Shrum v. Wakimoto, 70 Idaho 252, 215 P.2d 991; Foberg v. Harrison, 71 Idaho 11, 225 P.2d 69; Merritt v. Sims, 78 Idaho 292, 301 P.2d 1108.

Cady v. Keller, 28 Idaho 368, 154 P. 629, 631, states the rule particularly applicable herein as follows:

"Granting or refusing to grant permission to amend a pleading is largely a matter of discretion of the trial court, and, unless the exercise of such discretion deprives a party to the action of some substantial right, it is not error."

Here, since the complaint is capable of being amended to state facts sufficient to constitute a cause of action, a refusal to grant permission to amend would deprive appellant, a party to the action, of a substantial right.

The judgment of the trial court is reversed and the cause remanded with instructions to grant plaintiff leave to amend his complaint. Costs to appellant.

KEETON, C. J., and PORTER and TAYLOR, JJ., and DUNLAP, D. J., concur.

McQUADE, J., not participating.